WALL v. BRY et al.

Where interrogatories ordered to be answered by a party, were not served on him in consequence of the belief of the clerk that the acts of his counsel had dispensed with the necessity of a service, and the court refuses to order them to be taken for confessed, time should be allowed to enable the party propounding the interrogatories to obtain an answer.

Where the endorser of a note, before maturity, writes on it a waiver of protest, he cannot relieve himself from the effect of his agreement, on the ground that the waiver was without consideration. *Per Curiam :* The holder may have regulated his conduct, in not protesting the note, by the endorser's waiver ; and to relieve the latter, would be to sanction a breach of good faith.

Where the endorsers of a note, write on it, before maturity, " We hereby waive protest, and acknowledge ourselves as fully bound for the within note as if the same was regularly protested," it is a waiver of protest and demand of payment, *the* words "regularly protested" importing a protest made on due demand; but it does not dispense with notice. Such agreements must be construed strictly.

Where it is proved that, by a verbal agreement between the payee and endorsers of a promissory note, the endorser was to be held responsible only in case payment could not be obtained from the maker, the indorser must be regarded as a surety, and he is not entitled to the strict notice required to charge an indorser under the commercial law.

APPEAL by the defendant *Hamilton*, from a judgment of the District Court of Ouachita, *Curry*, J.

*R. W. Richardson*, for the plaintiff. The interrogatories not having been served on plaintiff's counsel, could not be taken for confessed. Stat. of 10th February, 1843. 12 La. 600. The waiver of protest should be construed in conformity with the provisions of the Civil Code, arts. 1940, 1941, 1945, 1946. It should be construed in the sense in which the person making the promise believed the opposite party to have accepted it. 9 Rob. 308.

*Garrett*, for the appellant. The waiver extended only to the pretest—not to the demand and notice. A waiver must be express and special. 4 Mart. N. S. 126. Chitty on Bills, p. 390, and cases cited in notes 2, 3. Ib. pp. 466, 485. Story on Promissory Notes, p. 272. *Union Bank* v. *Hyde*, 6 Wheaton, 592.

The judgment of the court was pronounced by

SLIDELL, J. The defendant *Hamilton* was sued as endorser. In his answer he alleges that the plaintiff is not the true owner of the note, but that it belongs to one *Burr*, who expressly agreed with the respondent and the prior endorser, that he would take steps to make the money out of the makers before taking any proceedings against the respondent, and that he would only look to the respondent in case he was unable to make the money out of the makers ; that the endorsement was made on these conditions ; and that the suit had been brought in the name of *Wall* to deprive the respondent, of his defence. To this answer the defendant appended interrogatories to the plaintiff,[*] asking him if the note was not the property of *Wall*, whether he knew of the agreement pleaded when he received the note, &c. The defendant, upon affidavit, obtained an order that the plaintiff should answer. This order was entered on the 2d November, 1844. In October, 1845, the cause was tried, and the defendant moved that the interrogatories, not having been answered, be taken as confessed. He supported his motion by the testimony of the clerk of the court

---

[*] The plaintiff was a non-resident.

that, on the 3d February, 1845, he issued two commissions to take testimony at the request of the plaintiff's attorney, together with copies of the answer and interrogatories, and believing that this dispensed with the service of the answer and interrogatories and order of court, a copy of the same was not made out. The court refused to order the interrogatories to be taken as confessed; and the defendant then moved the court for time to obtain the answers of the plaintiff, which also the court refused.

We think the court erred. Without considering whether the order to take *pro confesso* was properly refused, we are of opinion that at least the application for time should have been granted. The defendant and the clerk, by the course pursued by the plaintiff's attorney, may have fairly inferred that the attorney was cognizant of the order, and had taken out the commission and copy of interrogatories to procure the answers of his client, a non-resident. Justice therefore requires that we should remand this cause, in order to enable the defendant to have the benefit of the plaintiff's answers. As the plaintiff's attorney has now full cognizance of the order to answer, it will be his duty, within a reasonable time, to procure his client's answers, under a commission to be applied for and taken out by himself, under the penalty of an order *pro confesso*, if it be not done.

In remanding the cause it is proper to express an opinion with regard to the effect of the waivers of protest, endorsed on the notes prior to their maturity. They are in the following form:

"We hereby waive protest, and acknowledge ourselves as fully bound for the within note, as if the same was regularly protested.

WM. A. HAMILTON,

JOHN CALDERWOOD."

It is proved that the endorsement of the defendant, *Hamilton*, was made some months anterior to the endorsement and signature of the waivers. The plaintiff contends that the effect of such a waiver is to dispense with demand, protest, and notice; the defendant, that it dispenses with protest only. The latter moreover urges that it was not binding, because made without consideration. The plea that the waiver was without consideration cannot avail the defendant. It was made before the maturity of the note; the holder may have regulated his conduct in not protesting the note by the defendant's waiver, confiding in it; and to relieve him from it now, would be sanctioning a breach of good faith, and permitting that party to gain by his own disingenuousness.

But a more serious question remains—what is the fair construction and extent of this waiver? Does it merely dispense with protest, or does it also dispense with demand and notice? We consider this agreement as dispensing the plaintiff from proof of demand, because the expression is: "We acknowledge ourselves as fully bound for the within the note as if the same was regularly protested." The term "regularly protested" fairly imports a protest made upon a due demand. Does it go further, and dispense with notice? The party waives protest, and is certainly to be held to be as fully bound as if the note had been duly protested. But mere protest would not bind the defendant. Hence if we are to interpret this agreement according to its literal terms, the plaintiff, when he had offered this agreement in evidence, stood in the same position as though he had offered a notarial protest, and nothing more.

But it is said that the agreement should receive a liberal interpretation, and be construed as implying a waiver of the further requisite of notice. In the

case of *The Union Bank* v. *Hyde*, the question was upon the construction of an instrument strongly resembling the present. " I do request that hereafter any notes that may fall due in the Union Bank, on which I am or may be indorser, shall not be protested, as I will consider myself bound in the same manner as if the said notes had been, or should be, legally protested." This instrument was held, by the Supreme Court of the United States, to be ambiguous as to whether it amounted to a waiver of demand and notice. They however admitted parol proof of the course of dealing and conduct of the parties under this agreement on previous occasions, to show that it was their understanding that the demand and notice, required by law to charge the endorser, should be dispensed with. 6 Wheaton, 572.

Justice Story. in his commentaries on the law of promissory notes, says that agreements of this sort are always construed strictly, and are not extended beyond the fair import of the terms. Thus, for example, an agreement to waive notice of the dishonor of the note, will be no excuse for the want of a due presentment of the note to the maker for payment. Story on Notes, p. 315. See also Bailey on Bills, 245.

We think then that it is our duty to give a strict construction to this instrument, and in doing so we cannot consider it as waiving notice, because that waiver could only be brought in by implication, and an implication not necessary to give effect to the agreement. It must be conceded that under our statute with regard to protests of promissory notes, a protest, taking the term as used by the parties to mean a notarial protest, is advantageous to the holder for two reasons. First, it imposes a liability for interest from the date of the protest upon the endorser, who is fixed by a fulfilment of the additional requisite of notice ; and secondly, it preserves an authentic record of the presentment for payment, more advantageous than the memory of an individual, as being not liable to be obscured by time, or lost by death, and proving, *per se*, the facts which the public officer therein alleges. These advantages the holder, without expense or trouble, secures to himself by the written waiver under consideration. He stands in the same position as though he had a notarial protest, exhibiting, in the usual and authentic form, presentment, refusal, and protest. Some · thing then was gained by the owner of these notes by this agreement; and by so construing it, we give effect to the fair import of the terms used, without bringing in, by mere implication, stipulations which the literal and plain words of the instrument do not comprehend, and thereby violating the principle that, no man is to be presumed to give up his legal rights.

There is another view of this case, not discussed at bar, but which, in order to facilitate the future trial of the cause, we proceed to notice. If the defendant should succeed in establishing the agreement, which he has alleged, respecting the exercise of the holder's recourse against him, it is obvious that, in doing so, he will withdraw his contract from the category of an ordinary endorsement, and present himself in the aspect of a surety. In that event he would not be entitled to the strict notice, required to charge an endorser under the commercial law.

It is therefore decreed that the judgment of the court below against the defendant *Hamilton* be reversed, and that this cause be remanded for further proceedings according to law ; the appellee paying the costs of this appeal.