23   523
126   458

———◇———

## NEAL and Another v. WOOD and Another.

BILL OF EXCHANGE—WAIVER.—A bill of exchange contained the following waiver: "Notice, demand, protest, and due diligence waived on account of the war and insurrection."

*Held,* that the waiver is absolute, and the fact that the reasons, on account of which the waiver is given, are stated, is immaterial.

*Held,* also, that the liability of the indorsers was fixed by the dishonor of the bill, and after waiver of notice they can not complain of delay.

*Held,* also, that no consideration is required for a waiver of notice.

APPEAL from the *Jefferson* Common Pleas.

RAY, CH. J.—Action by the appellees against the appellants as indorsers of certain bills of exchange. The complaint avers that, at the time of the transfer to appellees, the following waiver was entered on each bill:

"Notice, demand, protest, and due diligence waived on account of the war and insurrection.

"J. S. & R. E. NEAL."

The complaint set out the bills of exchange by copy, alleged acceptance by the drawees, the waiver and non-payment. Demurrers were filed and overruled to each paragraph of the complaint. It is insisted that the waiver is conditional in its terms, and that the complaint should aver the existence, at the time of the maturity of the bills, of the cause assigned for the waiver.

This, in our opinion, is not correct. The waiver is absolute, and the fact that the reasons, "on account of" which the waiver was given, are stated, is immaterial. The demurrer was properly overruled. The appellants answered in four paragraphs; upon two of these, issues were formed. To the other paragraphs demurrers were sustained, and exceptions taken, and the rulings assigned here as error.

The third paragraph avers that the bills were transferred to the appellees as collateral security, and that since *April*, 1862, the drawer of said bills has resided within the federal lines, and that no effort has been made to collect the same from the drawer or acceptor; and that the appellants were not notified of the non-payment of the bills, nor were the same tendered back by appellees before suit. There is nothing in the plea to constitute a defense to the action. The liability of the indorsers was fixed by the dishonor of the bills, and after a waiver of the notice, they can not complain of delay. If they desired to prosecute their action against the drawer and acceptor of the bills, they could by payment of them, or of the original debt for which they were assigned as security, have acquired that right; and their failure to discharge the duty resting upon them, to pay the bills upon their dishonor, can not avail them as a defense.

The fourth paragraph avers the transfer of the bills as

collateral security, and that after such transfer the waiver was indorsed thereon without any consideration. The demurrer was properly sustained to this paragraph. No consideration is required for a waiver of notice, and after the appellants had acted upon such waiver, no such defense could exist.

The judgment below is affirmed, with three per cent. damages.

*C. E. Walker* and *R. J. Bright,* for appellants.
*David McDonald* and *A. G. Porter,* for appellees.

---

23 525
129 594

23 525
133 334

23 525
145 25

23 595
150 569

23 525
163 284