WILLIAM H. HARRISON & another *vs.* WILLIAM S. BAILEY & others.

In an action by an indorsee against the indorser on a promissory note, evidence of a waiver of demand and notice is sufficient to support an allegation in the declaration of demand and notice.

In an action by an indorsee against the indorser on a promissory note, evidence that after the note fell due the defendant promised the plaintiff to pay it is admissible with other evidence as tending to show a waiver of demand and notice.

CONTRACT on a promissory note dated September 1, 1866, made by Hannah Post and Levi Post, payable on January 1, 1867, to the order of the defendant Bailey, and by him indorsed to the plaintiffs. The declaration alleged the failure of the makers to pay the note at maturity; and that due notice of its nonpayment was given to Bailey.

At the trial in the superior court, before *Devens*, J., the jury found for the plaintiffs; and Bailey alleged exceptions, of which the following is the material part: " The only question in the case arose concerning Bailey's liability. No evidence was offered to show actual demand and notice. The plaintiff relied wholly upon a waiver of demand and notice by Bailey; and offered evidence tending to show a waiver by Bailey upon the day the note matured. The defendant objected that evidence of a waiver by Bailey could not be given under this declaration; but· the court admitted the same. The plaintiff also offered evidence tending to show a waiver of demand and notice, by Bailey, after the maturity of said note; which was admitted against the objection of the defendants.· A portion of the evidence offered to show a waiver after maturity was testimony that Bailey, with knowledge that he was discharged, promised to pay said note the next week if no further cost was made until said next week; and that the plaintiff agreed thereto, and did not make further cost until the time agreed. The defendant objected to evidence of a promise to pay the note after maturity under the declaration, as it was evidence of a new promise; the court admitted the same, not as testimony tending to prove a new promise, but as evidence tending to show a waiver."

*H. Morris & H. Fuller*, for Bailey.

*G. M. Stearns & N. T. Leonard*, for the plaintiffs, were not called upon.

HOAR, J.   It has been settled by a series of decisions, in this Commonwealth, that, in an action by the indorsee against the indorser of a promissory note, evidence of a waiver of demand and notice is sufficient to support an averment in the declaration of demand and notice.   The case most expressly to the point is *Taunton Bank* v. *Richardson*, 5 Pick. 436, 444 ; but the doctrine is supported by *Jones* v. *Fales*, 4 Mass. 245 ; *City Bank* v. *Cutter*, 3 Pick. 414 ; *North Bank* v. *Abbot*, 13 Pick. 465 ; *Kent* v. *Warner*, 12 Allen, 561.   Professor Greenleaf refers to the practice in these terms : " When matter in excuse of the want of demand and notice is relied upon, it is usual to declare as if there had been due presentment and notice, some latitude in the mode of proof being allowed, and the evidence being regarded not strictly as matter in excuse, but as proof of a qualified presentment and demand, or of acts which, in their legal effect, and by the custom of merchants, are equivalent thereto."   2 Greenl. Ev. § 197.   See also 2 Stark. Ev. (4th Am. ed.) 274, note 1 ; *Norton* v. *Lewis*, 2 Conn. 478 ; *Williams* v. *Matthews*, 3 Cowen, 252.   So an express promise of the indorser to pay the note, with full knowledge that no regular demand and notice have been made and given, is evidence of a waiver.   2 Greenl. Ev. § 190.   *Martin* v. *Ingersoll*, 8 Pick. 1.   *Creamer* v. *Perry*, 17 Pick. 332.   There was evidence tending to show a waiver on the day the note became due ; and evidence that the defendant afterward promised to pay it was certainly corroborative evidence to the same effect.   As it was admitted only as evidence of waiver, it is unnecessary to consider what validity it would have had as a new promise ; or whether it would have been insufficient to sustain the action from want of consideration, or under the statute of frauds.

The provisions of the Gen. Sts. *c.* 129, do not affect the sufficiency of the declaration.   By § 2 it is required that " the substantive facts necessary to constitute the cause of action be stated with substantial certainty."   They are so stated.   But

the law allows certain evidence to be given in support of the allegation of a demand and notice, and the rules of evidence are not altered by the new practice, except so far as special provision is made therein. § 81. *Exceptions overruled.*