THIRD NATIONAL BANK OF BOSTON *vs.* WILLIAM ASHWORTH & another.

The oral promise of the indorser of a promissory note to pay it, made after the note is overdue, with knowledge that there has been no demand and notice and of all the facts in relation thereto, is a waiver of demand and notice on his part, whether or not at the time of making it he was ignorant of the legal effect of the want of demand and notice upon his liability.

CONTRACT on a promissory note, against William Ashworth as maker, and Benjamin E. Sargent as indorser.

At the trial in the superior court, before *Pitman*, J., it appeared that no due presentment of the note, notice of default, or protest, was ever made. The plaintiffs relied on a waiver of demand and notice by Sargent, and offered evidence tending to show that after such omission he said to the plaintiffs' messenger that he was glad that no protest had been made, for it would only have caused additional expense, and expressly promised to pay the note. Sargent testified to the contrary, and this conflicting testimony was left to the jury under proper instructions as to the burden of proof.

Sargent also offered to testify that, at the time of his conversation with the messenger, he was ignorant of his legal rights, and did not know that he was discharged from his liability as indorser, by reason of the plaintiffs' omission to make due presentment and demand, and give due notice of the maker's default; but the judge ruled that Sargent was to be presumed to have known the law, excluded the evidence, and instructed the jury that if the plaintiffs had satisfied them that Sargent, knowing all the facts in respect to the want of demand and notice, promised to pay the note, such a subsequent promise was evidence of a waiver of demand and notice on his part. The verdict was for the plaintiffs, and Sargent alleged exceptions.

*J. C. Sanborn,* for Sargent.

*D. Saunders & C. G. Saunders,* for the plaintiffs.

BY THE COURT. The evidence offered was properly excluded, and the instructions given to the jury were correct. *Matthews* v. *Allen,* 16 Gray, 594. *Harrison* v. *Bailey,* 99 Mass. 620.

*Exceptions overruled.*