SAMUEL B. RINDGE *vs.* WILLIAM H. KIMBALL.

Suffolk. March 6, 1878. COLT & SOULE, JJ., absent.

A waiver of demand and notice upon a promissory note is as effectual after as before the maturity of the note.

CONTRACT upon a promissory note for $500, payable to the order of the defendant, and indorsed by him to the plaintiff.

At the trial in the Superior Court, before *Pitman*, J., without a jury, it appeared that no demand had been made on the note or notice of non-payment given to the defendant; but it was admitted that the defendant wrote on the back of the note the words, "Waive demand and notice." The evidence was conflicting upon the question whether these words were written before or after the note was due.

The defendant testified that he wrote these words upon the note intelligently and intentionally, with a full knowledge of all the material facts. The judge ruled that such a waiver of demand and notice was as effectual after as before the maturity of the note, and ordered judgment for the plaintiff. The defendant alleged exceptions.

*R. Lund*, for the defendant.

*J. Cutler*, for the plaintiff, was not called upon.

BY THE COURT. This point has been repeatedly determined by recent decisions of this court, and should not have been brought up again. *Matthews* v. *Allen*, 16 Gray, 594. *Harrison* v. *Bailey*, 99 Mass. 620. *Third National Bank* v. *Ashworth*, 105 Mass. 503. *Exceptions overruled.*