## GEORGE M. PARKS *vs.* SARAH SMITH.

Hampden.    September 23, 1891. — November 25, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Practice — Abatement — Deposition — Evidence — Promissory Note — Discharge of Indorser — New Promise.*

If an answer contains both an answer in abatement and an answer to the merits, and the former is overruled, a motion thereupon filed by the plaintiff for judgment is properly denied, and a trial properly had on the merits.

If a deposition is put in evidence, and objection thereupon made to certain interrogatories therein on the ground of incompetency of the witness and of immateriality is overruled, and a report of the case does not give the answers or show that the deponent was not competent to testify upon the subject inquired of, or that his testimony was immaterial to the issue, it will be presumed that the state of the testimony authorized the presiding judge to find that the deponent was competent to testify, and that the evidence was material.

At the trial of an action upon a promissory note payable to bearer, a letter from the payee's executor to the plaintiff's attorney authorizing him to bring an action on the note in the plaintiff's name was *held* to be material, and competent evidence upon the issue whether the plaintiff was the bearer of the note.

The presumption that a promissory note in the maker's possession after the payee's decease has been paid or surrendered is *prima facie* merely, and the question of its weight is one of fact upon which the finding of a judge, who tries an action brought on the note without a jury, is final.

A promise to pay a promissory note by an indorser, who knows that he is discharged for want of notice of its dishonor, made in igorance of the fact that demand was not made upon the maker, is not binding upon such indorser.

CONTRACT, brought by the plaintiff as bearer, against the defendant as maker, upon the following promissory note: " Binghamton, N. Y., Sept. 1, 1884. One year and six months from date I promise to pay Seymour E. Smith, or bearer, one thousand dollars ($1,000) with interest. John Bernice Smith." The note bore upon the back thereof the name Sarah Greason, and, after several indorsements of interest, the following: " Dec. 16, '87. Recd. on within of Sadie five dollars."

Trial in the Superior Court, without a jury, before *Maynard*, J., who found for the plaintiff, and reported the case for the determination of this court, in substance as follows.

The defendant filed an answer in abatement alleging the nonjoinder of John Bernice Smith, who was her husband, and an

answer containing a general denial, and setting up, among other defences, that if she signed her name upon the back of the note it was as indorser and not as maker, and that there was no demand upon the maker, nor notice of dishonor to her. The judge overruled the plea in abatement, whereupon the plaintiff moved for judgment. The judge overruled the plaintiff's motion, and the trial proceeded on the merits.

There was evidence that the payee was the father of John Bernice Smith, and that the latter and Sarah Greason were married in June, 1885. There was also evidence, which was contradicted, that the defendant signed her former name on the back of the note at the request and for the accommodation of John Bernice Smith, before its delivery to the payee, and that she derived no benefit from it. The judge found that, under the laws of the State of New York, where all the parties resided at the time the note was made, the defendant was not the maker of the note, and could be held only as an indorser. The plaintiff was then allowed to amend his declaration so as to allege that the defendant indorsed the note for a valuable consideration, and that she waived demand and notice thereon and protest thereof. Evidence was introduced that the payee died on July 25, 1889, at his home in Binghamton, leaving a will made during that month, in which his son John Bernice Smith was named as a legatee, to share equally with the other children of the testator; that the will was duly admitted to probate, and executors appointed, and that the estate was in process of settlement in New York; and that when the note matured the payee neglected to demand payment of the maker, and to give notice to the defendant as indorser, and remained in possession of the note, which was found among his papers after his death, and taken possession of by the maker.

On the issue of a waiver of demand and notice by the defendant, the plaintiff offered the depositions of the widow of the payee and of his daughter, as evidence of the payment to the payee by the defendant of five dollars, and of its indorsement on the note on December 16, 1887, in the presence of both the payee and the defendant. The plaintiff also offered in evidence upon this issue various oral statements made by the defendant to the payee after the maturity of the note, to the effect that she would pay him

the amount thereof; as well as the contents of several letters which she wrote to him thereafter, which the plaintiff contended contained a promise on her part to pay the note, and would warrant the judge in finding a waiver of demand and notice. The defendant testified that she never made any payment on the note and never promised to pay the note; that she was ignorant, until after the action was brought, of the note; that no demand for payment of the note was made upon the maker, although she knew that the failure to notify her of its dishonor released her as indorser; that she knew when the note fell due, and understood the law of New York, that she was not liable on the note; that she was not obliged to pay the same, and never meant to do so; and that she was discharged from liability as an indorser. The widow of the payee testified that she never saw the note between December 16, 1887, and a later date, when she gave her deposition.

There was evidence that the action was brought in the plaintiff's name at the request of the maker of the note, and that the plaintiff never had the note in his possession. The plaintiff offered a letter, which was admitted against the defendant's objection, as follows: "Binghamton, N. Y., Jan. 31, 1890. George M. Stearns, Esq., Springfield, Mass. Dear Sir, — You are hereby authorized to act as attorney in the case of George M. Parks *vs.* Sarah Smith, for the collection of a note for one thousand dollars and interest. Respectfully yours, John Manier, Executor of the Estate of Seymour E. Smith, deceased." The plaintiff did not testify at the trial, but the letter was produced by his attorney, and put into the case. The plaintiff contended that the action was brought for the benefit of the payee's estate, and that he had no interest in the result.

Among the interrogatories annexed to the commission to take the depositions above referred to of the widow of the payee and his daughter, were the following: " State in whose handwriting are the indorsements of payments on the back of said note." " Particularly examine the indorsement of Dec. 16, '87, and state in whose handwring is that indorsement." The following objection to each of these interrogatories was noted: " Objected to competency of witness to say, and as immaterial." The judge overruled the objection, and the answers were

read in evidence, but the report did not state what the answers were.

The defendant asked the judge to rule as follows:

1. "Neither the statements claimed to be promises by defendant to the payee of the note to pay, after its dishonor, nor the statements contained in the letters of defendant to payee which were put into the case, and are annexed hereto, amount in law to promises to pay so as to revive defendant's original liability as indorser."

2. "Even if she made a payment upon the note after its dishonor, or promised to pay after dishonor, she is not holden as indorser, for the reason that no demand was made on the maker, and it does not appear that such promise or payment was made with knowledge of the fact that no demand was made."

3. "The possession of the note by the maker after the decease of the payee, such as the evidence discloses, raises a presumption that he either paid the note or that it was surrendered by the payee."

4. "Inasmuch as the maker of the note is one of the residuary legatees, sharing equally with the other residuary legatees under the will of the payee, the note and the legacy offset against each other, and that his indebtedness to the estate on account of this note is thereby cancelled, and so the defendant, being but an accommodation indorser, cannot be holden to pay this note."

5. "On the undisputed evidence in the case, the plaintiff was not the bearer of this note, and that this action cannot be maintained in his name."

The judge ruled in relation to the first request, that all the evidence in the case warranted a finding that the defendant had waived the omission to give notice of dishonor and payment as to a portion of said note, but declined to rule in accordance with the remaining requests.

If judgment should have been given for the plaintiff upon overruling the plea in abatement for the full amount due upon said note, the judgment was to be so entered. If not, and if the rulings asked by the defendant should have been given, then the verdict was to be set aside and a new trial ordered.

*G. M. Stearns*, for the plaintiff.

*A. M. Copeland*, for the defendant.

BARKER, J. Strictly speaking, the only questions open upon the report are whether the plaintiff was entitled to judgment upon the overruling of the answer in abatement, and whether the rulings asked for by the plaintiff should have been given; but, as both parties have argued questions of the admissibility of evidence, we have dealt with them.

1. Upon the question whether judgment should have been entered for the plaintiff upon the overruling of the answer in abatement, the case is governed by *Fisher* v. *Fraprie*, 125 Mass. 472. In that case, as in this, the answer filed contained both an answer in abatement and an answer to the merits; and, as was there held, "If the answer in abatement was overruled as matter of law, the defendant had the right to answer over; if as matter of fact, he might do so at the discretion of the judge." The plaintiff's motion for judgment was therefore properly denied.

2. The plaintiff put in evidence the depositions of the widow of the payee and of his daughter. Copies of the depositions are not given, but we infer from the report that both deponents testified that they were present when, on December 16, 1887, a payment was made by the defendant, and indorsed upon the note in her presence. Among the interrogatories were these: "State in whose handwriting are the indorsements of payments on the back of said note." "Particularly examine the indorsement of Dec. 16, '87, and state in whose handwriting is that indorsement." Objections to these questions were noted as follows: "Objected to competency of witness to say, and as immaterial." The objections were overruled, and the answers were read. The defendant contends that the objections should have been sustained, because the deponents were not qualified to testify as to the handwriting, and because the handwriting of the indorsements was immaterial. The answers to the interrogatories are not given. Whatever they may have been, the report does not show that the deponents were not competent to testify upon the subject inquired of, or that their testimony was immaterial to the issues; and it is to be presumed that the state of the testimony authorized the presiding justice to find that the deponents were competent to testify, and that the evidence was material.

3. The defendant contended at the trial that the plaintiff was not the bearer of the note, while the plaintiff claimed that, although he had no beneficial interest in the action, it was brought by him for the benefit of the estate of the payee, who had deceased, and who, at the time of his death, was a resident of New York, in which State his will had been proved, and executors thereof appointed. Under these circumstances, the letter of one of the executors to the plaintiff's attorney, authorizing him to bring an action on the note in the plaintiff's name, was material to the issue whether the plaintiff was the bearer of the note, and was properly admitted in evidence. *Beekman* v. *Wilson*, 9 Met. 434. *Wheeler* v. *Johnson*, 97 Mass. 39.

4. The same considerations justified the refusal to rule that the plaintiff was not the bearer of the note, and that an action could not be maintained upon it in his name.

5. By the third request, — that evidence of the possession of the note by the maker, after the decease of the payee, raised a presumption of its payment or surrender, — we understand that the court was asked to rule either that the presumption was conclusive, or that it was in fact of such weight, when considered with the evidence, as to require the court to find for the defendant. The presumption, however, is merely *prima facie; Baring* v. *Clark*, 19 Pick. 220; *M'Gee* v. *Prouty*, 9 Met. 547; and the question of its weight was one of fact, upon which the finding of the judge sitting without a jury was final.

6. The note in suit was made in New York, where all parties to it then resided, on September 1, 1884, and was payable in one year and six months from its date, with interest, to Seymour E. Smith, or bearer. It was signed by John Bernice Smith, a son of the payee, and indorsed upon the back by the defendant, who was then Sarah Greason, a single woman. In June, 1885, John Bernice Smith and Sarah Greason intermarried. The evidence was conflicting as to whether the defendant was merely an accommodation indorser; but the court found, without objection, that under the laws of New York, she was not a maker of the note, and could be held only as an indorser. No demand of payment was made of the maker of the note at its maturity, and no notice was given to the defendant as indorser. Seymour E. Smith died on July 25, 1889, testate, at his home in the State

of New York, where his will has been proved and his estate is in process of settlement. John Bernice Smith is one of several equal residuary legatees, but neither their number nor the amount of the residuary fund is stated. The plaintiff contended that the defendant was holden upon the note, notwithstanding the want of demand and notice, by reason of her waiver of those defences, and relied in support of this proposition upon evidence of a partial payment and of oral promises, and upon the contents of letters written by her to the payee. The defendant denied the making of the payment and the oral promises, and contended that the letters contained no promise to pay the note; she further contended that neither her payment nor her promise was effectual to revive her liability, because, if made, she was then ignorant of the fact that no demand was made upon the maker of the note at its maturity; and also that she could not be holden to pay the note, because its maker is one of the residuary legatees under the will of the payee, for the benefit of whose estate the action is prosecuted.

The defendant testified that until after the action was brought she was ignorant of the fact that no demand of payment was made upon the maker; that she knew when the note fell due, and that failure to notify her of its dishonor released her as indorser, and that she was not liable on the note; that she understood the law of New York, and that she was not obliged to pay the note, and never meant to do so, as she was discharged from liability as an indorser. From this testimony it may be found that at and after the time of the dishonor of the note she was ignorant that payment had not been demanded; but it clearly appears that she was aware that she was absolutely free, and discharged from all liability, and that she then intended to keep the advantage of her position, and not to pay the note. Her present contention is, that, even if she has since seen fit to renew her obligation by a new promise, she is not bound thereby, because it was made in ignorance of the fact that she had been discharged from her liability by the want of demand, as well as by the want of notice of dishonor.

Upon this question some authorities hold that proof of a promise after dishonor dispenses with proof of demand and notice; Byles on Bills, (14th ed.) 250; *Loose* v. *Loose*, 36 Penn. St. 538;

and others, that, in addition to the new promise, there must be proof that the party who made it had, at the time of the promise, knowledge of all the material facts. 1 Parsons, Notes and Bills, 601, 622, and cases cited.

We consider it settled in Massachusetts by the cases of *Garland* v. *Salem Bank*, 9 Mass. 408, *Low* v. *Howard*, 10 Cush. 159, and 11 Cush. 268, and *Kelley* v. *Brown*, 5 Gray, 108, that knowledge on the part of an indorser that demand upon the maker has not been made is material, and must be proved, notwithstanding the fact that he knew that the note had not been paid, and that notice of non-payment had not been given, and was aware that he was discharged from all liability. In *Low* v. *Howard*, 11 Cush. 268, 271, the court say, "That full knowledge of all the facts which should be requisite to revive a legal liability once discharged, ought to include the fact that there had been no demand on the maker, as well as no notice to the indorser." The precise point does not seem to have been again raised, but the language of subsequent decisions plainly implies that the act of the indorser to revive his liability must be done with a full knowledge of all the material facts. *Matthews* v. *Allen*, 16 Gray, 594. *Harrison* v. *Bailey*, 99 Mass. 620. *Third National Bank* v. *Ashworth*, 105 Mass. 503. *Rindge* v. *Kimball*, 124 Mass. 209. *Hobbs* v. *Straine*, 149 Mass. 212.

We are therefore of the opinion that the second ruling requested contained a substantially correct statement of the law which it is necessary to apply in the decision of the question whether, if the defendant made a new promise, in either of the ways claimed by the plaintiff, she is bound by such promise. The request may be so construed as to be a declaration of mixed law and fact. If the court sitting without a jury, found as a fact that the defendant, notwithstanding the denial in her own testimony, did know that no demand was made, it would be his duty to decline to give the ruling requested, although it correctly stated the law. He might disbelieve the defendant's denial of knowledge, and might infer from the facts that at the time of the maturity of the note she was the wife of the maker, and that she knew that it was not paid and that she had not been notified of its dishonor, and was aware that she was absolutely discharged from all liability and yet promised to pay, that

she had full knowledge of all the material circumstances. If the request had been for instructions to a jury, we think it should have been refused, for the reason that it might well have been taken by the jury to mean that the defendant had in fact no knowledge that demand was not made. But the case was tried without a jury, and the report contains no statement of the reason why the court refused the request, stating only that "the court declined so to rule," nor does it show how the court found upon the question of fact. It does, however, contain a paragraph devoted to the statement of the evidence upon the point. If the court had assented to the law as stated in the request, but found against the defendant upon the question of fact, we assume that the report would have so stated. Such clearly is the better course in cases tried without a jury. We think, therefore, that upon the report the court must be taken to have held a view of the law contrary to that stated in the request, and that the refusal of the request involved an error on account of which the finding should be set aside.

As under the terms of the report, if the rulings asked by the defendant should have been given, a new trial is to be ordered, and as, in addition to the letters of the defendant which the plaintiff contended contained a new promise, there was evidence of a partial payment, and of oral promises of payment, and as the facts with reference to the position of the maker of the note as one of the residuary legatees of the payee are not sufficiently stated to enable us to deal with the question raised by the fourth request, we deem it unnecessary to consider the remaining questions raised upon the report.

*Finding set aside, and new trial ordered.*