## Burgettstown National Bank *v.* Nill, Appellant.

*Promissory notes—Accommodation indorser—Protest—Waiver of protest—Consideration.*

Where the indorser on a promissory note, eighteen months after its maturity, with knowledge that no demand for the payment of it had been made, and no notice of its dishonor had been given, without any new consideration, indorses on the note a waiver of protest, he will be bound by the waiver, and liable on the note.

From the nature of an indorser's contract a new consideration is not required to support a waiver of protest before or after the maturity of the paper.

*Affidavit of defense—Practice, C. P.—Fraud—Promissory notes—Waiver of protest—Indorser.*

Where the indorser on a promissory note seeks to avoid the effect of a waiver of protest signed by himself, on the ground that certain misrepresentations were made to him at the time he signed the waiver, he must go

further and aver in his affidavit of defense that he was induced to sign the
waiver by such misrepresentations.

Argued Oct. 27, 1905.   Appeal, No. 124, Oct. T., 1905, by
defendant, from order of C. P. No. 2, Allegheny Co., April T.,
1905, No. 132, making absolute rule for judgment for want of
a sufficient affidavit of defense in case of Burgettstown National
Bank v. Jacob P. Nill.   Before MITCHELL, C. J., FELL, BROWN,
MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Assumpsit on a promissory note.   Before YOUNG, J.
Rule for judgment for want of a sufficient affidavit of defense.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment
for want of a sufficient affidavit of defense.

*A. C. Johnston*, with him *George P. Murray*, for appellant.—
A subsequent promise to pay will not bind an indorser who
has been released by lack of notice, unless supported by a con-
sideration : Sebree Deposit Bank v. Moreland, 96 Ky. 150 (28
S. W. Repr. 153).

A promise to pay in ignorance of the facts which discharge
is of no effect: Tickner v. Roberts, 11 La. 14 ; Hunt v. Wad-
leigh, 26 Me. 271 ; Norris v. Ward, 59 N. H. 487 ; Hunter v.
Hook, 64 Barb. 468 ; Lilly v. Petteway, 73 N. C. 358 ; Glenn
v. Thistle, 1 Rob. (La.) 572 ; Low v. Howard, 64 Mass. 159 ;
Spurlock v. Union Bank, 23 Tenn. 335 ; Williams v. Union
Bank of Tennessee, 56 Tenn. 441 ; Walker v. Rogers, 40 Ill.
278 ; Morgan v. Peet, 32 Ill. 281 ; Ballin v. Betcke, 11 Iowa,
204 ; Harris v. Allnutt, 12 La. 465 ; Glaser v. Rounds, 16 R. I.
235 (14 Atl. Repr. 863).

The burden is on the plaintiff to show the promise was made
with full knowledge of the laches : Edwards v. Tandy, 36 N. H.
540 ; Newberry v. Trowbridge, 13 Mich. 263 ; White v. Keith,
97 Ala. 668 (12 So. Repr. 611).

*Clarence M. Cooke*, with him *O. R. Cooke*, for appellee.—No
fraud or misrepresentation is alleged in the affidavit of defense
as a basis for the admission of evidence of an oral agreement
to vary the terms of the written contract sued upon.   If the
waiver was executed in pursuance of a contemporaneous agree-

ment to mislead or defraud the bank examiner, this agreement was fraudulent and evidence of it would be inadmissible under the principle " nemo allegans suam terpitudinem audiendus est: Evans v. Dravo, 24 Pa. 62; Hendrickson v. Evans, 25 Pa. 441; Williams v. Williams, 34 Pa. 312; Gill v. Henry, 95 Pa. 388; Bredin's Appeal, 92 Pa. 241.

No further consideration is required to make the waiver of protest or demand of payment valid than the consideration passed at the time the note was executed: Uhler v. Farmers' Nat. Bank of Bucks Co., 64 Pa. 406; Sherer v. Easton Bank, 33 Pa. 134; Oxnard v. Varnum, 111 Pa. 193; Morgan v. Wolstencroft, 1 Pa. Superior Ct. 13; Ross v. Hurd, 71 N. Y. 14.

The duty of demand and notice in order to hold an indorser is not a part of the contract, but a step in the legal remedy that may be waived at any time: Barclay v. Weaver, 19 Pa. 396.

Promises to pay, after maturity, or acknowledgments of continued liability and obligation to pay, with knowledge that the usual steps of demand, protest and notice were not duly taken, are almost universally regarded as absolutely fixing the liability of the drawer or indorser making them, and he will not afterwards be permitted to set up the defense that the demand or protest was not made in point of fact, or the notice not given: Daniel on Negotiable Instruments, vol. 2, p. 178; Ross v. Hurd, 71 N. Y. 14; Moyer & Brother's Appeal, 87 Pa. 129; Oxnard v. Varnum, 111 Pa. 193; Annville National Bank v. Kettering, 106 Pa. 531.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1906:

Jacob P. Nill, the defendant, became an accommodation indorser on a promissory note, dated July 1, 1902, for $5,000 which was signed by Homer H. Swaney as maker and was payable to Nill's order at the Burgettstown National Bank. The note recited that the maker had deposited therewith as collateral security to the holder, six one thousand dollar bonds of the Pacific Steel Company of the market value of $6,000, with the right, on certain contingencies, in the holder of the note to call for additional security and to sell the security without notice on failure of the maker to pay the note or furnish additional collateral when required. The note was indorsed in blank by Nill, and Swaney had it discounted by the Burgettstown National Bank,

the plaintiff, on or about the day it was executed. There is also indorsed on the note the following: " I hereby waive protest or demand of payment. Jacob P. Nill." The note was duly presented for payment at the bank on September 1, 1902, but payment was refused for want of funds. On December 30, 1904, the note not having been paid, the plaintiff sold the six Pacific Steel Company bonds, held as collateral security for its payment, for $6.00 and applied the sum as part payment of the costs of sale.

This action was brought January 17, 1905, against Nill to recover the debt and interest due on the note and the residue of the costs accruing on the sale of the stock as authorized by the note. The defendant filed an affidavit of defense, the material part of which is as follows : " that of the failure of the said Swaney to pay said note affiant had no notice until some time about March or April, 1904, when a man unknown to affiant, but who represented himself as A. H. Kerr, cashier of the plaintiff bank in this case, came to affiant's place of business in the city of McKeesport and induced affiant to waive protest or demand of payment of said note, by a writing on the back thereof, the said person so representing himself declaring to affiant that the note in the form in which it then was, not having been protested and no notice of dishonor having been given to affiant or demand made upon affiant for the payment thereof, was objected to by the bank examiner, and that the plaintiff relied upon the maker thereof and the collateral security held by them for payment thereof; that for such waiver of protest or demand of payment signed by affiant there was no consideration given, and that any forbearance on the part of plaintiff to Homer H. Swaney, maker of said note, was not given at the request of affiant, but without affiant's knowledge, as affiant believed the note on which suit is brought in this case was paid, until informed to the contrary by the person aforesaid, who represented himself as A. H. Kerr, as aforesaid."

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense which the court made absolute and judgment was entered against the defendant. He has taken this appeal and, as stated in his printed brief, " the sole question is, did the waiver of protest made eighteen months after

the maturity of the note, and under the circumstances sworn to by the appellant relate back to the date of the maturity of the note and bind him as indorser as though he had received due notice of dishonor."

We think this question must be answered in the affirmative and that, therefore, there was no error in making the rule absolute and entering judgment against the defendant. There is a clear admission in the affidavit that the defendant knew the laches of the plaintiff before he signed the waiver of protest. The plaintiff's cashier called on the defendant in March or April, 1904, and secured his signature to the writing on the back of the note waiving protest. Until that time, the defendant says he had no notice that Swaney, the maker, had not paid the note. He was then told, as averred in the affidavit, " that the note in the form in which it then was, not having been protested and no notice of dishonor having been given to affiant or demand made upon affiant for the payment thereof was objected to by the bank examiner." The defendant therefore knew before he signed the waiver of protest that no demand for payment had been made and that no notice of the dishonor of the note had been given him as the indorser. Hence he had full knowledge of the laches of the holder of the note when he waived protest of the instrument. Under these facts, which are disclosed by the affidavit of defense, the defendant could waive the laches of the holder in making demand for payment and in giving notice of the dishonor of the note : 4 Am. & Eng. Ency. of Law (2d ed.), 453 ; Day v. Ridgway, 17 Pa. 303; Annville National Bank v. Kettering, 106 Pa. 531. " An indorser is entitled to notice of protest of a negotiable note," says Mr. Justice COULTER in delivering the opinion in Day v. Ridgway, " because the contract is that the maker will pay at maturity; and the strict punctuality, which is the life of the commercial law, authorizes the indorser to presume that he has paid, in the absence of any notice to the contrary. But the right to receive notice in order to make him liable, like any other right, may be waived by the indorser." In the Kettering case, STERRETT, J., delivering the opinion says (p. 533) : " No principle of the law merchant is better settled than that demand and notice of the nonpayment of a negotiable note may be waived by the indorser, either orally or in writing, or

by acts clearly calculated to mislead the holder and prevent him from treating the note as he otherwise would, but there is some diversity of opinion as to what constitutes a waiver of these necessary prerequisites to charge the indorser."

The indorser may waive protest after the date of maturity of the note with like effect as if done prior to that date : Barclay v. Weaver, 19 Pa. 396 ; Hoadley v. Bliss, 9 Ga. 303 ; Sheldon v. Horton (N. Y.), 3 Am. Rep. 669 ; Ross v. Hurd (N. Y.), 27 Am. Rep. 1 ; Rindge v. Kimball, 124 Mass. 209 ; 1 Parsons on Notes and Bills, 594 ; 2 Randolph on Commercial Paper, sec. 1456. In Barclay v. Weaver, this court said (p. 401) : " It seems, therefore, that the duty of demand and notice, in order to hold an indorser, is not a part of the contract, but a step in the legal remedy, that may be waived at any time in accordance with the maxim quilibet potest renunciare juri pro se introducto." In some jurisdictions it is held that the waiver when made after the maturity of the note must be with full knowledge of the indorser's laches and that it requires a new consideration. But it is settled by numerous American authorities that a waiver of protest need not be supported by a new consideration : Neal v. Wood, 23 Ind. 523 ; Hughes v. Bowen, 15 Iowa, 446 ; Cheshire v. Taylor, 29 Iowa, 492 ; Sheldon v. Horton (N. Y.), 3 Am. Rep. 669 ; Tebbetts v. Dowd, 23 Wend. 379 ; Wall v. Bry, 1 La. Ann. 312 ; Lane v. Steward, 20 Me. 98. We know of no decision of this court holding that such waiver must be supported by a new consideration. The contrary rule, however, is distinctly recognized in Barclay v. Weaver, 19 Pa. 396. In that case Mr. Justice LOWRIE, in construing the contract of an indorser of negotiable paper, says (p. 400) : " The most, therefore, that can be said of an indorsement of negotiable paper is, that from it there is implied a contract to pay, on condition of the usual demand and notice; and that this implication is liable to be changed on the appearance of circumstances inconsistent with it, whether those circumstances be shown orally or in writing. But it may well be questioned whether the condition of demand and notice is truly part of the contract, or only a step in the legal remedy upon it. If it is part of the contract, how can it be effectually dispensed with without a new contract for a sufficient consideration, especially after the maturity of the note ? Yet there are

decisions without number that a waiver of it during the cur-rency, or after the maturity of the note, will save from the consequences of its omission. This could not be if it was a condition of the contract, for then the omission of it would discharge the indorser both morally and legally; and no new promise afterwards, even with full knowledge of the facts, could be of any validity. If, however, an indorsement without other circumstances be regarded as an implied contract to pay, pro-vided the holder use such diligence that the indorser loses noth-ing by his negligence or indulgence, then it accords with all these decisions. Then the law, and not the contract, declares the usual demand and notice to be in all cases conclusive, and in some cases necessary evidence of such diligence. . . . It (the law), therefore, is perfectly consistent in declaring that an indorser is bound by a new promise, after he knows of the omission of demand and notice, for this is an admission that he was not entitled to it, or has not suffered for want of it. It declares demand and notice necessary, in some cases, to save the indorser from loss and it declares that his own admission may be submitted for them." It is manifest, therefore, that, from the nature of the indorser's contract, a new consideration is not required to support a waiver of protest before or after maturity of the paper.

There is no merit in the suggestion of appellant that the waiver of protest was induced or secured by the representation of the plaintiff's cashier that the bank relied for payment of the note upon the maker and the collateral security held by it. If the defendant intended to make such an averment in his affidavit, he signally failed. A declaration to that effect, the affidavit avers, was made, but the affidavit does not state that it induced the defendant to sign the waiver of protest. If the defendant desired to invalidate his waiver of protest on the ground that it was procured by fraud, he was required to aver the fact clearly and explicitly in his affidavit of defense and not leave it to be inferred by the statements in the affidavit. What is not directly and explicitly averred in an affidavit of defense will be taken as not existing and, hence, as insuffi-cient to prevent judgment.

The assignments of error are overruled and the judgment of the court below is affirmed.