---

# First National Bank of Lancaster *v.* Zahm's Executors.

Where the defense to an action on a guaranty of a note was that the holder had neglected to charge and sue an indorser,—Held, that evidence that the guaranty was given to save protest, that notice of protest was omitted in consideration of the guaranty, and that the dealings between the holder and the indorser did not take place until afterward, was material, and should have been submitted to the jury; and that a direction to find for the defendant was error.

(Decided October 5, 1885.)

Error to the Common Pleas of Lancaster County. Reversed.

The facts appear from the opinion and from the report of a former decision, in 103 Pa. 576; and see First Nat. Bank v. Hartman, 110 Pa. 196, 1 Atl. 271.

*D. G. Eshleman* and *W. Herr Smith* for plaintiff.

*P. D. Baker* and *Geo. Nauman* for defendants.

OPINION BY MR. JUSTICE TRUNKEY:

When this cause was first tried the plaintiff put in evidence the note, the guaranty, and the fact of Diller & Groff's insolvency, and rested; thereupon, having first rejected the defendants' offers of testimony, the court directed a verdict for the plaintiff. The testimony so rejected was that on the day the note became due, July 11, 1877, before Zahm executed the guaranty, Swartz, who was an indorser on the note, gave the bank a written direction and promise respecting the note in case of its renewal; that said Swartz, on that day and afterwards, had a deposit in the bank sufficient to pay the note; that the note had been discounted by the bank and the proceeds placed to his

credit; and that on July 25, 1877, said Swartz gave to the bank a guaranty of payment of all notes drawn by Diller & Groff and indorsed by himself, held by said bank, whether matured or to mature. It was ruled by this court that the testimony was admissible and proper for the consideration of the jury on the question whether the indorsers were released; and that, if "either of the indorsers waived protest, or by any other act remained liable on the note, the guarantor is entitled to the benefit thereof." The bank was bound to pursue any solvent party who remained liable on the note before resorting to the guarantor. And it was further ruled that it was incumbent on the bank to prove its averment that, in consequence of the guaranty, the note was not protested, and that the indorsers were released from payment of the same. Zahm v. First Nat. Bank, 103 Pa. 576. The principles there stated need not be repeated.

On the second trial, had the testimony been submitted to, and believed by, the jury, they would likely have found that, on July 11, 1877, the day the note matured, Zahm went to the bank and asked to guarantee the note to save protest; that he did guarantee it and, in consideration thereof, the note was not protested; that one of the makers of the note went with him to the bank; that Diller & Groff were the principal debtors and got the money on the note for their own use; and that Swartz had no knowledge or information of the nonpayment of the note till after the date of its maturity. Now there is no pretense that Swartz gave any written promise respecting the note until July 25, 1877. On that date he gave the bank a writing containing the following: "H. D. Groff's note, $1,350, due July 11, 1876, if he renews 90 days date July 11, for $1,250, indorsed by S. Groff, charge old note to me, and cr. new note to my account, and I promise to indorse it." This paper also contained a promise respecting two other notes. The same date he gave the bank a guaranty as follows: "I hereby guarantee the payment of all notes drawn by Diller & Groff, and indorsed by me, now held by First National Bank, Lancaster, Pa., either matured or to mature July 25, 1877." The cashier testifies that he asked for the second paper, told Swartz who were the guarantors of these notes, and then he signed the additional guaranty. The accounts were given in evidence and oral testimony respecting the accounts.

No reason appears why the testimony of Mr. Harner should

be disbelieved; if believed, in connection with the written testimony, the jury ought to have found that, in consideration of Zahm's guaranty, the bank did not protest the note, and that Swartz neither waived protest nor did any act to continue his liability as indorser. The case differs from its former aspect. Material allegations by the defendant are either not proved or disproved. Acts by Swartz done after the guaranty by Zahm do not affect him or others as if they had been done before.

In the general clause, the court properly remarked that the facts were to be found by the jury from the evidence submitted; but followed this by affirming the defendants' third point: "Under all the evidence in the case, the verdict must be for the defendants." It is quite immaterial whether the evidence was submitted, if the jury were instructed to render a verdict for defendants. As it was the duty of the court to permit the jury to find the facts, that instruction was error.

If the note was not protested in consequence of the guaranty of Zahm, and if the guaranty by Swartz was given at the request of Harner as an additional guaranty after Zahm's, the plaintiff is entitled to recover. The plaintiff asked instruction to this effect by its first and second points, but so framed them that the court was justified in the refusal. It did not follow from the fact alone that the note was not protested in consequence of Zahm's guaranty that the plaintiff could recover, and, therefore, its first point was denied. So, the assumed fact in its second point might be true and not absolutely control the verdict. Had adequate instruction been given upon the material facts referred to in these points, the first and second assignments would be passed without remark.

Zahm guaranteed the note without protest and, by acceptance thereof, the implied agreement was that the indorsers should be released. There is no evidence to warrant a finding that such notice was given to Swartz as continued his liability as indorser. Mere knowledge of nonpayment is not notice. The bank took no steps to hold the defendant as indorser by protest of the note or otherwise. The subsequent guaranty of Swartz, if supported by a good consideration, created a liability that could be enforced in case the bank, having used reasonable diligence, had failed to collect the note from the makers or prior guarantor. Only in the event that Swartz should be found liable as indorser, was it the right of the bank to appropriate any part of

his account to payment of the note. The ninth, tenth, and twelfth assignments are sustained.

As it does not appear in the paper-book whether the deposition of Swartz contained anything pertinent to the issue, the fourth assignment is not considered.

The first and second assignments are not sustained. The questions objected to were calculated to elicit the state of Diller & Groff's account at the date of the maturity of the note and afterwards. It appeared that, when the note matured, the balance to their credit was $25.82, and the total amount of the deposits afterwards was much less than the note. These deposits, numbering six, were made at intervals within thirty days from the maturity of the note, and were paid out on a larger number of checks, at intervals, within the same time. At no date after July 11, 1877, at the close of business hours, did they have a balance exceeding $300. It is unlikely that those small deposits were intended by Diller & Groff to apply on the note. Had payment of their checks been refused, would they have continued making the deposits? We think the circumstances clearly bring this case within the doctrine of Peoples' Bank v. Legrand, 103 Pa. 309, 49 Am. Rep. 126. Here, though the action is against a guarantor, as respects appropriation of deposits by the principal debtor in the bank, his claims are not superior to those of an indorser. The ruling in Commercial Nat. Bank v. Henninger, 15 W. N. C. 33, was upon dissimilar facts.

The defendant's sixth point should have been refused.

Judgment reversed and *venire facias de novo* awarded.