# First National Bank of Lock Haven *v.* Emil Peltz, Appellant.

*Banks and banking—Depositor—Promissory notes—Payment.*

While a bank which is a holder of a promissory note and has on deposit at the time of maturity to the credit of any party liable to it on the note a sum sufficient to pay it, and not previously appropriated by the depositor to be held for a different purpose, may apply the deposit to the payment of the note, yet it is not in general bound to do so. The cases where the right becomes a duty on the part of the bank rest on the special equity of the party, usually the indorser, to have the payment enforced against the depositor as the one primarily liable. In these cases the deposit must be sufficient at the time of maturity of the note, it must not have been previously appropriated to any other use, and it must be to the credit of the party primarily liable.

A promissory note made by B. to the order of K. was indorsed by K. and by P. and W. for K.'s accommodation. K. procured the note to be discounted by a bank. The note was not paid at maturity and the bank brought suit against P. P. offered evidence to show that six days after the maturity of the note and at other times thereafter the bank had a balance to the credit of K. sufficiently large to pay the note. He also offered to prove that P. was an accommodation indorser and that the bank knew this fact. *Held*, that the evidence was incompetent and irrelevant.

*Promissory notes—Giving judgment—Discharge of indorser.*

The giving of a judgment or other security by the maker or a prior indorser does not discharge a subsequent indorser.

*Promissory notes—Indemnity—Evidence—Estoppel.*

A promissory note was made by B. for the accommodation of K., and payable to him. K. indorsed the note first and P. and W. indorsed it for K.'s accommodation. In a suit against P. upon the note by the bank which had discounted it P. offered to show that he had been indemnified against his liability on the note by a judgment against K., and that he had satisfied that judgment by the procurement of the bank, whereby he not only lost his security for indemnity, but the bank advanced its own judgment against K. to the position of a prior lien. *Held*, that the offer was competent inasmuch as it was to prove facts which tended to raise an estoppel against the bank in favor of P.

*Promissory notes—Evidence.*

In an action upon a promissory note the defendant claimed that the plaintiff had procured him to satisfy a judgment which he held against a prior indorser as security against his liability on the note. He offered a certificate of lien against the prior indorser to be followed by proof as to the facts alleged as a defense. The offer was objected to as a whole and

rejected as a whole. *Held*, to be error, inasmuch as the offer was a general one to prove relevant facts, and should have been admitted, and objections to the mode of proof considered thereafter.

Argued May 7, 1896. Appeal, No. 359, Jan. T., 1896, by defendant, from judgment of C. P. Potter Co., Dec. T., 1894, No. 291, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Assumpsit against a second indorser on a promissory note. Before MORRISON, J.

The note was as follows:

No. *3033*.             *Lock Haven, Pa., July 8th*, 1891.

*Four months* . . . . . . . . . . . . after date *I* promise to pay to the order of. . . *Charles Kreamer,* . . . . . . . . . . . . . . . . . . . . . . . .

*Four Thousand* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Dollars,

at the. . . *First National Bank,* . . . . . . . . . . without defalcation,

*Value rec'd.*                       *John W. Buck.*

$4000.$\frac{00}{100}$    Due *Nov. 11th*.

*Endorsed* $\begin{cases} \textit{Charles Kreamer,} \\ \textit{E. Peltz, Carter Camp, Potter Co., Pa.} \\ \textit{Geo. W. Hipple.} \end{cases}$

At the trial defendant's counsel proposed to prove that Charles Kreamer, the payee and first indorser of this note, and the person for whom the note was discounted at the bank, and who received the proceeds of the discount, had to his credit on the 17th of November, 1891, and at numerous other times thereafter, and before the bringing of this suit, a balance sufficiently large to have paid this note. To be followed by evidence that the defendant in this action was an accommodation indorser, and surety, and known to be such by the plaintiff in this action; that Charles Kreamer was the principal debtor and was known to be such by the plaintiff in this action. This for the purpose of showing that it was in the power of the plaintiff to have applied sufficient of said balances of the principal debtor to have paid this note, and to prove that the note in controversy

was an accommodation note by the maker and all the indorsers, except Charles Kreamer.

Plaintiff's counsel objected to the offer for the reasons:

First. That it is incompetent and irrelevant for the reason that no duty was imposed upon the bank to charge up against an indorser any balances, even at the day the note became due, much less at a subsequent date.

Second. For the reason that the offer to prove that Chas. Kreamer was the principal debtor would be in effect to dispute the commercial paper put in evidence and change its whole purport.

By the Court: The court being of the opinion that the offer as a whole is incompetent and irrelevant, and will not show a defense on the part of this defendant, sustains the objection and excludes the evidence. Bill sealed. [1]

Moore Fredericks, cashier of the plaintiff bank, was asked this question:

Q. State whether or not the bank did not receive from Charles Kreamer a judgment note for the amount of this note, and enter it a short time after this note became due in the common pleas of Clinton county?

Objected to as incompetent and irrelevant.

Objection sustained. Bill sealed. [2]

Defendant's counsel offered in evidence a certified statement of the list of liens against Charles Kreamer from the county of Clinton for the purpose of showing a memorandum of a judgment entered in favor of the First National Bank in Lock Haven for the amount of this note, and the protest fees of No. 87, January term, 1892, afterwards revived to No. 43, May term, 1895, for the purpose of showing that at or about the time of the maturity of this note Charles Kreamer, the payee, and principal debtor, gave to F. S. & J. S. Johnson, representatives of this bank, a judgment note to cover this indebtedness upon which judgment was entered, to be followed by evidence that the defendant, Emil Peltz, in this case was the use plaintiff in judgment No. 66, January term, 1891, entered in the court of common pleas, Clinton county, against Charles Kreamer. That said Emil Peltz had an interest of $15,000 in said judgment. That said judgment was assigned to Emil Peltz as collateral security for any indorsements he might make for Charles Kreamer.

That after the maturity of this note, the said First National Bank, knowing that said Emil Peltz held the assignment of $15,000 of this judgment as security for any indorsements he had made for Charles Kreamer, procured the said Emil Peltz to satisfy his interest in said judgment without giving the said Emil Peltz any notice that the note, upon which this action has been brought, had not been paid. To be followed by evidence that said judgment which was given to F. S. & J. S. Johnson, representatives of said bank, could have been collected, and can be collected from the estate of said Charles Kreamer; said Johnsons knowing that said Emil Peltz was an accommodation indorser on the note in controversy.

Plaintiff's counsel objected to the offer as incompetent and irrelevant.

Objection sustained. Bill sealed. [3]

Defendant's counsel proposed to prove the conditions of the account of Chas. Kreamer after the date of the maturity of this note, to wit, after the 11th of November, 1891, for the purpose of proving payment, and proving the relation between the parties at and after the maturity of this note and the relations existing between Chas. Kreamer and the bank after that time; the offer of the parties being to prove the balances Chas. Kreamer had in the bank at different times after the maturity of this note and to show what deposits he made in the bank and what balances he had in the bank.

Plaintiff's counsel object to any evidence showing balances of Chas. Kreamer in the plaintiff's bank occasioned by deposits subsequent to the date on which the note was protested.

Objection sustained and evidence excluded. Bill sealed. [4]

The court directed judgment for plaintiff.

Verdict and judgment for plaintiff for $4,803.04. Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions.

*H. C. Dornan,* of *Dornan & Ormerod,* for appellant.—An accommodation indorser is a surety: Ramsey v. Westmoreland Bank, 2 P. & W. 203; Sitgreaves v. Bank, 49 Pa. 359; Gunnis Barrett & Co. v. Weigley, 114 Pa. 191.

When a creditor has in his hands the means of paying his debt out of the property of his principal debtor, and does not use it, but gives it up, the surety is discharged: Fegley v. McDonald, 89 Pa. 128; Com. v. Vanderslice, 8 S. & R. 452; Everly v. Rice, 20 Pa. 297; Boschert v. Brown, 72 Pa. 372; Kuhns v. Westmoreland Bank, 2 Watts, 136; Commercial Bank v. Henninger, 105 Pa. 496; Mechanics' Bank v. Seitz Bros., 150 Pa. 637.

*W. J. Lewis*, of *Larrabee & Lewis*, with him *Furst & Furst*, for appellee.—When at the maturity of a note held by a bank the maker's balance on deposit in the bank was sufficient to pay the note which was protested for nonpayment, the bank is not bound, for the protection to the indorser, to apply the subsequent deposits to payment of the note, although they were sufficient for that purpose.

If we correctly read the law of Pennsylvania, the word "accommodation" has no legal significance. He who chooses to put himself in the front of a negotiable instrument for the benefit of his friends must abide the consequences: Lord v. Ocean Bank, 20 Pa. 384.

The general rule is well settled that while the bank may appropriate funds in its hands belonging to any previous party to a note to the payment of it, when the payment is not made at the time and place named, yet it is not bound to do so. The note may be treated as in effect an order or check authorizing the bank to apply the deposit to the payment, but the deposit is not a payment in law: Mechanics' & Traders' Bank v. Seitz Bros., 150 Pa. 637; Guarantee Trust & Safe Deposit Co. v. Craig, 155 Pa. 343.

A certified statement or list of liens would not be evidence in any event. Nothing short of an exemplification, duly certified, could have been used. An abstract of liens certified by the prothonotary is not evidence.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1896:

The first assignment of error cannot be sustained. While a bank which is the holder of a note, and has on deposit at the time of maturity a sum to the credit of any party liable to it on the note sufficient to pay it, and not previously appropriated

by the depositor to be held for a different purpose, may apply the deposit to the payment of the note, yet it is not in general bound to do so. The cases where the right becomes a duty on the part of the bank rest on the special equity of the party, usually the indorser, to have the payment enforced against the depositor as the one primarily liable : Commercial Nat. Bk. v. Henninger, 105 Pa. 496. And even in these cases all the circumstances enumerated must exist. Thus the deposit must be sufficient at the time of maturity of the note. Subsequent deposits will not raise the duty : People's Bank v. Legrand, 103 Pa. 309; First Nat. Bk. v. Shreiner, 110 Pa. 188. And the deposit must not have been previously appropriated to any other use : cases cited supra, and German Nat. Bank v. Foreman, 138 Pa. 474, where the principle was conceded though an exception of doubtful correctness was made against a mere notice from the depositor not to pay, unaccompanied by a specific appropriation to a different purpose. And lastly the deposit must be to the credit of the party primarily liable. The rule is thus stated by our Brother WILLIAMS in the latest case on the subject : Mechanics' Bank v. Seitz, 150 Pa. 632, " The general rule is well settled that, while the bank may appropriate funds in its hands belonging to any previous party to the note, to the payment of it, . . . yet it is not bound to do so. The note may be treated as, in effect, an order or check authorizing the bank to apply the deposit to the payment, but the deposit is not payment in law. . . . But where the bank holds funds of the maker when the note matures, it is bound to consider the interests of the indorsers or sureties, and if it allows the maker to withdraw his funds after protest, and the indorsers are losers thereby, the bank is liable to them. The reason of this rule is, that the maker is the principal debtor, and liable to all the indorsers, whose undertaking is to pay if he does not."

The appellant's offer was defective in two respects, it was not to show the state of Kreamer's account at the maturity of the note, but some days after, and Kreamer was not the maker of the note but an indorser. It is true that it is claimed by appellant that this was an accommodation note and known by the bank to be so, and that Kreamer was in fact the principal debtor, even as regards the maker. But, if this was so, it was by the arrangement among the parties. On the face of the note

the maker was primarily liable, and although the bank may have supposed, as the cashier testified, from the presentation of the note for discount by the first indorser, that the second and third indorsements were for his accommodation, it was under no obligation to draw that inference as to the maker. But if it had been, the duty of the bank to appropriate has not been carried by any case beyond the deposit of the maker. Nor is it desirable that it should be. On the face of the paper the maker is the party to pay, and while the bank may upon dishonor secure payment from the deposit of any party liable to it, yet there is great force in the reasons for limiting its duty to do so to the party legally answerable in the first instance on the face of the paper. The rule thus rests on a liability fixed by law and capable of immediate and conclusive determination by the evidence of the note itself. Otherwise it is thrown open to contest on the private arrangements of parties, to questions of notice and proof, and to all the uncertainties of the final ascertainment of the facts. While money deposited becomes the property of the bank, yet that result flows from the nature of money, which is to be measured by amount and not by physical identity. Hence a deposit of $100 is returned by another $100 without regard to the identity of the notes, or the coin, because legally they are the same. Except for this characteristic a deposit of money to be returned on demand would be like the deposit of any other article a mere bailment. But though for this reason the title to money deposited passes to the bank, yet the whole business of banking is founded on the faith of the immediate availability of the deposit, as money, for the use of the depositor, and any rule that interfered with the freedom of action of either bank or customer, by compelling a stop of their dealings with each other to examine the relations of other parties to the deposit would go far towards destroying that instant convertibility which is the essence of the business. We do not think it desirable to go beyond the line already clearly marked by the authorities.

The second assignment of error cannot be sustained. The giving of a judgment or other security by the maker or a prior indorser does not discharge a subsequent indorser: Guarantee Co. v. Craig, 155 Pa. 343.

The third assignment however is well founded. The offer

of defendant was in substance to show that he had been indemnified against the present liability on the note in suit by a judgment against the prior indorser Kreamer, and that he had satisfied that judgment on the procurement of the plaintiff bank, whereby he not only lost his security for indemnity in regard to the present claim, but the plaintiff advanced its own judgment against Kreamer to the position of a prior lien. This offer was entirely competent. It was to prove facts which tended to raise an estoppel against the plaintiff in favor of the defendant. It is argued by the appellee that the certificate of liens presented was not such as was admissible in evidence, but the objection made and sustained was to the offer as a whole, which was of the certificate, etc., to be followed by proof, etc. How the facts were to be proved, and whether when proved they were sufficient to raise an estoppel, were questions not yet reached in the case. It is sufficient that the offer was a general one to prove relevant facts. As such it was competent and should have been admitted. Further objections to the mode of proof, or the sufficiency of the facts when proved could be raised later.

Judgment reversed and venire de novo awarded.