# Franklin Savings & Trust Co., Appellant, *v.* Clark.

*Banks and banking—Individual account—"Special account"—Promissory notes—Failure of bank to apply deposit to payment of note—Principal and surety—Endorsers.*

1. Where a creditor has in his possession the property of a principal debtor, out of which his debts may be paid, and does not apply it to the payment of the debt, but gives it up, a surety is discharged.

2. This equitable principle has been applied to banks holding the notes of depositors.

3. Where a bank is the holder of a note payable at the banking house, and has, on its maturity, a cash deposit of the maker exceeding the sum due, the bank is bound to apply this credit of the

FRANKLIN SAV. & TRUST CO., Appel., *v.* CLARK. 213

1925.]                          Syllabus.

maker in discharge of the note, unless it has been specifically appropriated by the maker to a particular purpose.

4. If the maker of the note has no money with the holding bank at maturity, no duty rests on the bank to apply deposits received after maturity and protest, but the duty does not apply to the account of a guarantor or endorser.

5. A mere notice forbidding the payment of a note, from a deposit, will not relieve the bank of its duty to charge the note against the maker's account.

6. An endorser of a note is more than a surety after protest and notice. He is a principal debtor.

7. But as between maker and endorser he is still a surety, and entitled to a surety's rights of subrogation and protection, and the right should be preserved to him so long as payment of the debt by him remains a possibility.

8. Where a holder bank has deposits immediately reducible to cash in its hands on maturity of the note, it must apply the cash subsequently received to the liquidation of the note.

9. The bank, however, is not bound to hold the note to await possible payment of check.

10. It may still protest and proceed for nonpayment at maturity; but if the money is subsequently received on checks in its hands for collection at maturity, the money must be applied to the note.

11. If a bank, after notice from the endorser that he would not renew the note, receives checks on the day of the maturity from the maker aggregating more than the amount of the note, and permits the whole amount to be checked out by the maker on the same day and the day following, and before it had notice that the checks had or would be paid, the endorser will be released.

12. In such case, the fact that the maker had deposited the checks received not to his individual account, but to an account which he designated as "Special," is immaterial, where it appears that the special account was in fact a general one used by the depositor both in his business and for domestic purposes, and so known by the bank.

13. A deposit styled "Special" is insufficient to put the bank on inquiry.

14. A "special" account is one where the identical money is to be kept safe and returned as deposited; the relation of debtor and creditor is not created, but that of bailor and bailee, title remaining in the bailor.

15. The mere use of the word "special" placed after the depositor's name will not effect an appropriation of the moneys for any particular purpose, so that it may be said they were set aside for a limited purpose with the bank's knowledge.

214 FRANKLIN SAV. & TRUST CO., Appel., *v.* CLARK.

Argued March 19, 1925. Appeal, No. 39, March T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1921, No. 723, for defendant n. o. v., in case of Franklin Savings & Trust Co. of Pittsburgh v. James M. Clark. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit against endorser on promissory note. Before KLINE, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*R. T. M. McCready,* for appellant, cited: Peoples Bank of Wilkes-Barre v. Legrand, 103 Pa. 309; Sieger v. Bank, 132 Pa. 307; Bank of Lock Haven v. Peltz, 176 Pa. 513; Fegley v. McDonald, 89 Pa. 128; German N. Bank v. Foreman, 138 Pa. 474; First Nat. Bank of Lock Haven v. Mason, 95 Pa. 113; Citizens Nat. Bank v. Alexander, 120 Pa. 476.

*John A. Metz,* for appellee, cited: Ramsey v. Bank, 2 P. & W. 203; Fegley v. McDonald, 89 Pa. 128; Everly v. Rice, 20 Pa. 297; Newbold v. Boon, 6 Pa. Superior Ct. 511; Bank v. Peltz, 176 Pa. 513; Mechanics, etc., Bank v. Seitz Bros., 150 Pa. 632; Sitgreaves v. Bank, 49 Pa. 359; First Nat. Bank of Bloomsburg v. Tustin, 57 Pa. Superior Ct. 37; German Nat. Bank v. Foreman, 138 Pa. 474.

OPINION BY MR. JUSTICE KEPHART, April 13, 1925:

Defendant had endorsed a promissory note held by plaintiff and payable at its banking house. The maker was a depositor in the holder bank, having two accounts, one individual and the other "John W. Garland, Spe-

cial." On the day of maturity of the note the individual account was slightly overdrawn; the "special" account had a balance of $102.39. The holder, during that day, received for collection from the maker two checks aggregating $12,500, drawn on New York and Pittsburgh banks, for deposit to the "special" account; it was credited with the proceeds. Plaintiff protested the note for nonpayment at maturity. The two checks thus deposited did not pass through the clearing house on that day, but did afterwards, and were paid in the regular course of business. Before notice from the banks that the checks were or would be paid, plaintiff, on the day after the deposit, honored the maker's checks drawn against this deposit; on that and the two following days practically all of the deposit was checked out. The holder now undertakes to recover from the endorser. The claim is resisted for the reason that the bank failed to apply the credit of the maker (represented either in cash deposits or collections on hand, which in due course were reduced to cash or both) to the payment of the note (the word "credit" as used hereafter will be used in this sense). Before maturity, the endorser had notified the bank to collect the note when due, as he would not endorse any further renewal. These latter facts are important only as they serve to impress the holder with its duty in the premises.

The endorser's continued liability under these facts rests on a consideration of equitable principles as they relate to the respective rights of the endorser, the maker and the holder of the note. At a very early period it was announced in this State that when a creditor has in his possession the property of a principal debtor, out of which his debt may be paid, and does not apply it to the payment of the debt, but gives it up, a surety is discharged; or if the property be not actually in his hands, or he did not really assent to its passing from him, yet, if by the use of reasonable diligence the property may be obtained and applied to the debt, his duty is to

obtain and so use it: Ramsey v. Westmoreland Bank, 2 Penrose & Watts, 203, 205; Fegley v. McDonald, 89 Pa. 128, 130.

This equitable principle has been applied to banks holding the notes of depositors. Where a bank is the holder of a note payable at the banking house, and has on its maturity a cash deposit of the maker exceeding the sum due, the bank is bound to apply this credit of the maker in discharge of the note, unless it has been specifically appropriated by the maker to a particular purpose: Commercial National Bank v. Henninger, 105 Pa. 496. In these cases the note is like a draft on the bank in favor of the holder and in discharge of the endorser.

The duty to apply such credits on notes applies only to banks that are holders, where the note is payable: Sieger v. Second N. Bank, 132 Pa. 307. It reaches only the maker's credits in hand at maturity. Peoples' Bank of Wilkes-Barre v. Legrand, 103 Pa. 309; First National Bank of Lancaster v. Shreiner, 110 Pa. 188. If the maker has no money with the holder at maturity, no duty rests on it to apply deposits received after maturity and protest. Peoples' Bank of Wilkes-Barre v. Legrand, supra; First National Bank of Lancaster v. Shreiner, supra. The duty extends only to the maker's account, not to that of a guarantor or endorser: Mechanics & Traders Bank v. Seitz Bros., 150 Pa. 632; First National Bank of Lock Haven v. Peltz, 176 Pa. 513, 517-18. It applies only to deposits not appropriated for a specific purpose by the maker, but a mere notice forbidding the payment of a note from a deposit will not relieve the bank of its duty to charge the note against a maker's account (German Nat. Bank v. Foreman, 138 Pa. 474); and if it fails to perform that duty the endorser is relieved.

In the case at bar we have a situation just between the facts involved in Commercial National Bank v. Henninger, supra, and those in Peoples' Bank of Wilkes-

Barre v. Legrand, supra. The latter case has been limited to a failure to apply deposits, received after maturity and protest, to the payment of notes in the hands of the holder, as not being sufficient to relieve the endorser.

The maker, at the beginning of bank business on the day of maturity, did not have on deposit money to meet the note, but he did on that day deposit two checks aggregating $12,500. They were credited to his account. Though the checks were for collection, and were merely choses in action until paid, they were nevertheless property of the maker in the hands of the bank, and by due diligence could have been, and in fact were, reduced to possession. They were paid while the note, though protested, still remained the property of the holder bank. It is not our purpose to enforce any undue hardship on banks, nor to embarrass the free negotiation, collection and liability arising through the use of negotiable instruments. But banks should be held at least to the measure of an individual's responsibility and be diligent in the collection of its paper at maturity. The reasonable requirements of ordinary business relations dictate such course.

An endorser is more than a surety after protest and notice. He is a principal debtor. But as between maker and endorser he is still a surety, entitled to a surety's right of subrogation and protection as to funds or property in the hands of the creditor. He is also entitled to the benefit and advantage of any remedy a creditor may have against the principal debtor; this right in reason should be preserved to him as long as payment of the debt by him remains a possibility. We therefore reaffirm the rule that where a holder bank has deposits immediately reducible to cash in its hands on maturity, it must apply the cash subsequently received to the liquidation of the note; but the duty extends only to cash received in due course of business. The bank is not bound to hold the note to await possible payment. It

may still protest and proceed for nonpayment at maturity; but if the money is subsequently received from checks in its hands for collection at maturity, the money must be applied to the note.

The facts in this case show the bank did more than merely refuse to apply credits of the maker in its hands to the liquidation of notes due to it. After the receipt of notice from the endorser to collect the note at maturity, and that no further renewal would be made, the bank, on the day following the deposit of $12,500, honored checks drawn by the maker against this account; it permitted the entire balance to be swept away, though no notice had been received by it that the checks of $12,500 had been paid. Without such notice, the honoring of the first withdrawal checks evidenced the fact that the bank regarded the deposit of $12,500 as cash on the day it was received; therefore it had at maturity sufficient credits of the maker to apply to the liquidation of the note.

Our conclusion is not altered by the fact that the account to which the checks were placed was in the name of "John W. Garland, Special." The account, to have the effect contended for by appellant, must come within what is generally understood by the words "special" account, as distinguished from a general one. A "special" deposit or account is one where the identical money or thing deposited is to be kept safe and returned as deposited. The relation of debtor and creditor is not created, but that of bailor and bailee is, title remaining in the bailor. Whether a deposit is general or special depends on the facts and circumstances attending its making; but it is certain that the mere use of the word "special" placed after the depositor's name will not cause the deposit to come within the definition above mentioned, nor will it effect an appropriation of the moneys for any particular purpose, so that it may be said they were set aside for a limited purpose with the bank's knowledge.

Money may be deposited specially, which has no relation whatever to bailment, trust fund or specific appropriation. It is a common practice to place money in banks in separate accounts to quickly, safely and accurately report to the government income for the past year. Special accounts are created for income, while capital remains in the individual account. The word "special" has no particular significance, as trustee, administrator and the like. A "special" deposit in a bank of the kind appellant contends for, is one in which money is entrusted to a bank not to be used but to be kept safely and sufficiently returned: Catlin v. Savings Bank, 7 Conn. 487, 492; Keene v. Collier, 58 Ky. (1 Metcalfe) 415, 417; Alston v. State (92 Ala. 124) 9 So. 732; Pattison v. Syracuse Nat. Bank, 80 N. Y. 82, 90; Butcher v. Butler, 134 Mo. App. 61. But the word alone is not sufficient to convey that meaning. A deposit styled "special" is insufficient to put the bank on inquiry: Prosser v. First Nat. Bank (Tex.), 134 S. W. 781, 783.

Nor does its use amount to an appropriation of money. The bank could show, however, that the deposit was for a purpose as described in the foregoing opinions, where the word has a definite meaning: either within the law as to specific deposit, or an appropriation of money for a particular purpose. When plaintiff tried to limit the deposit, the evidence was utterly insufficient. On the contrary, defendant proved the maker's account marked "special" was used by him not only for his general business purposes but for his domestic purposes as well; it was checked out indiscriminately. It was in fact a general deposit, so known and acted on by the bank.

The court below did not err in holding the endorser discharged from liability.

Judgment affirmed.