# F. G. SIEGER v. SECOND N. BANK.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LEHIGH COUNTY.

Argued February 3, 1890—Decided February 17, 1890.

1. Where one, as indorser, procures the note of another to be discounted by a bank for his credit, and at the time the discount is effected makes a distinct promise to the bank to pay the note at maturity, his liability

Statement of Facts.

is absolute, not conditional, and protest and notice of non-payment are unnecessary.

2. The maker of a note having a deposit at a bank where the note has been discounted for an indorser, the note itself, however, being payable at another bank, the indorser is not relieved from liability by the failure of the bank to apply the maker's deposit to the payment of the note at its maturity.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-LIAMS, McCOLLUM and MITCHELL, JJ.

No. 407 January Term 1889, Sup. Ct.; court below, No. 80 September Term 1887, C. P.

On August 17, 1887, Franklin G. Sieger brought assumpsit against the Second National Bank of Allentown, to recover $343.88, a balance of a deposit account alleged to be due the plaintiff.

At the trial on February 29, 1888, it was shown that on October 20, 1884, Daniel Stettler made a negotiable note for $300 to the order of W. P. Snyder, payable at the Allentown N. Bank, in ninety days after date. Snyder indorsed the note to F. G. Sieger, who presented it for discount at the Second N. Bank of Allentown, and the bank credited the same to his account.

The plaintiff testified that when the note fell due it was not protested for non-payment; that no notice of non-payment was given him, and that on July 19, 1887, the amount of the note with its interest was charged to the plaintiff on his deposit account.

D: B. Keck, being called for the plaintiff, an offer was made to prove that at various times between January 21, 1885, and July 19, 1887, Daniel Settler, the maker of the note, had sufficient funds on deposit in the Second N. Bank to pay this note, the deposit being a general one; and that the bank instead of applying the funds to the payment of the note, permitted Daniel Stettler to draw the funds out of the bank; this for the purpose of showing that by reason of that indulgence the indorser was discharged, if he was otherwise liable.

Objection being made, the offer was refused; exception.[1]

The defendant bank introduced testimony tending to show that, at the time the note was discounted, the plaintiff made a distinct and absolute engagement to pay it at maturity.

Charge of Court below.

The court, ALBRIGHT, P. J., at the close of the testimony, instructed the jury :

The allegation of the bank is, that at the time the note was discounted, there was an agreement between the bank and Mr. Sieger, that Sieger should not only be liable upon the note according to its terms, that is, conditionally liable, but that he should be absolutely bound, and that he alone should be looked to for payment. The bank's position is that what they have proved in this regard dispenses with the necessity of notice when the note fell due, and that Sieger was liable without any notice of dishonor, and without notice of protest.

The plaintiff says on this point, that all that could be drawn from that alleged contract, would be that Sieger had agreed to dispense with notice to him at the time the note fell due; in other words, that all it could amount to would be, that it was a waiver of notice, and that any other contract, such as is set up by the bank here, could not affect the indorser, Sieger, any further than that, to wit, the waiving on his part of notice.

[The opinion of the court on this point is, and we so distinctly instruct you, that the indorser of a promissory note, who is liable to pay only provided the maker does not pay at maturity, and he, the indorser, has notice, may at the time the holder accepts the note and pays him the money for it, bind himself to occupy a different position; and that if such an indorser agrees to be absolutely bound, and to pay the note at maturity, then he is absolutely bound, and then notice to him is not necessary; on the theory that if one whose name is upon commercial paper as an indorser, by his own contract agrees to be a debtor absolutely, that contract can be enforced, and then no notice to him is necessary. No notice is necessary, because he himself promised to pay absolutely, which implies that he promises to pay without notice.

The bank's allegation in this respect is, that the note in question was sent to the bank, and came before the board of directors, and that they had certain action respecting it, and that the result of this action was communicated to Mr. Sieger before the bank accepted the note. The allegation is, that Mr. Stahler, the cashier of the bank, told Mr. Sieger at the bank, and that Mr. Keck and Mr. Roeder, other officers of the bank, were present, that the note would be discounted, on condition that he,

Sieger, would assume to pay the note when it came due, if it was not paid before by Stettler or Snyder; that if he would assume to pay it without further trouble, then the bank would discount it for him; and that he agreed to it; that he said that this was all right.   Mr. Stahler further says that he told Sieger that the board thought that neither of the other parties would pay the note when it came due, and that they did not want to be bothered with it; and unless he would make that promise, it would not be discounted, but under those conditions they would discount it, and that then Sieger said that he would do that.   The testimony of Mr. Keck and Mr. Roeder on this point is substantially to the same effect; not perhaps in the same words, but the defendant alleges that it is to the same effect, and it seems to be.] [6]

On this point, as I recollect the testimony, and it is not written out, and I do not pretend to remember all that was said by the witnesses, but according to my recollection Mr. Sieger denies that there was such a conversation.   As I recollect, he was asked whether, after the meeting of the board respecting this note, he had been at the bank, and he said he was not, and that he sent the note over by one of his sons.

Under this testimony, bearing upon this point, as to whether there was that promise, has the bank proved that Sieger agreed to pay the note absolutely at the time it fell due, without regard to Stettler or Snyder, provided the bank would discount it, unless Stettler or Snyder would voluntary pay it before it fell due?   Is that proved?   I say to you, that a contract of that kind, set up by the holder of a note, must be distinctly proved before the holder can have the benefit of it, and hold an indorser liable absolutely.   It must be distinctly proved.   There ought to be no doubt in the mind of the jury that the witnesses tell the truth, and that what they say occurred amounted to an agreement and understanding between the holder and the indorser, that when the note falls due the indorser will be absolutely bound; that he will pay it without regard to the maker, and that he is not to have notice of protest, as his obligation on the note would purport.   If that is not distinctly proved, then there would be no absolute liability; but if it is distinctly proved, then the indorser is liable absolutely.

[If, upon considering this point in the case, you come to the

Arguments.

conclusion that there was, at the time the note was discounted, such an absolute undertaking on the part of Mr. Sieger, and that on the faith of that promise the money was given to him, then I say to you that he was liable without protest or notice of protest, and in that event the bank properly charged up the note against him, and there can be no recovery by the plaintiff.] [7] If that assertion by the bank is not made out, then the position of Mr. Sieger was that of an indorser according to the terms of the note. Then he was not liable to pay the note to the bank, unless the note was protested and he had notice thereof. The note was made payable at the Allentown N. Bank. In order to hold Mr. Sieger, it was necessary that payment should have been demanded of the maker, and demand at the Allentown Bank was sufficient, and if it was not met, that then the indorser, Mr. Sieger, should have notice of such failure to pay the note at the time it fell due, which was on January 21, 1885. . . . . .

The jury returned a verdict in favor of the defendant. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning for error, inter alia: 1. The refusal of plaintiff's offer.[1] 6, 7. The portions of the charge embraced in [ ] [6] [7]

*Mr. Milton C. Henninger* (with him *Mr. Arthur G. Dewalt* and *Mr. Robert E. Wright*), for the appellant.

Counsel cited: (1) Commercial N. Bank v. Henninger, 105 Pa. 496; Ramsey v. Westmoreland Bank, 2 P. & W. 203; Peoples Bank v. Legrand, 103 Pa. 309; (2) Stephens v. Monon. N. Bank, 88 Pa. 157; McCamant v. Miners Trust Co. Bank, 15 W. N. 122; Barclay v. Weaver, 19 Pa. 396; Shearer v. Easton Bank, 33 Pa. 134; Uhler v. Farmers N. Bank, 64 Pa. 406; Moyer's App., 87 Pa. 129.

*Mr. Edward Harvey*, for the appellee.

Counsel cited: (1) Peoples Bank v. Legrand, 103 Pa. 309 First N. Bank v. Shreiner, 110 Pa. 188. (2) Oxnard v. Varnum, 111 Pa. 194: Loose v. Loose, 36 Pa. 538; Levy v. Peters, 9 S. & R. 125; Barclay v. Weaver, 19 Pa. 396.

PER CURIAM:

We find no error in this record. The defendant below proved, and the jury have found, a distinct and absolute promise by the plaintiff, at the time the note in controversy was discounted by the bank, to pay it at maturity. This dispensed with notice of demand and refusal to pay. His liability, instead of being conditional as an indorser, thus became absolute, and notice and protest were unnecessary. Nor do we see error in the rejection of the offer of evidence referred to in the first assignment. The note was not made payable at the defendant bank, and could not therefore he considered a check or draft of the maker of the note against his deposit there.

Judgment affirmed.