R. Barclay Jones *v.* F. K. Roberts, Appellant.

*Promissory notes—Waiver of protest—Indorser.*

In an action against an indorser of a promissory note the case is for the jury on the question of waiver of notice of protest where the plaintiff testifies that shortly before the note became due defendant came to his place of business and stated that he had been unfortunate in business; that it would be impossible for him to pay the note, and that it would be useless for plaintiff to put the note in bank to have it protested.

Argued March 28, 1899. Appeal, No. 88, Jan. T., 1899, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1897, No. 215, on verdict for plaintiff. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit against indorser of a promissory note. Before FINLETTER, P. J.

At the trial it appeared that the note had not been protested, and that no notice of nonpayment had been sent to the defendant. Plaintiff testified that on March 30, 1897, about twelve days before the note became due, the defendant called upon him at his place of business "and told me that he could not pay that note when it became due. He said that he had met with unfortunate business affairs, and it would be absolutely impossible for him to pay the note or raise the money to pay it in any way. He told me that it would be useless for me to put the note in bank, to have it protested, as it would be absolutely impossible for him to pay it."

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $1,096.33. Defendant appealed.

*Error assigned* among others was refusal of defendant's point, which was as follows: "Under the evidence the verdict should be for the defendant."

*Louis P. Brenan,* for appellant, cited Reiff v. McMiller, 45 Leg. Int. 26.

*William C. Ferguson,* for appellee, was not heard, but cited in his printed brief: Annville Nat. Bank v. Kettering, 106 Pa. 531.

PER CURIAM, April 24, 1899:

There was evidence enough in the testimony of the plaintiff to carry the case to the jury on the question of waiver of notice of protest. The court correctly left this question to the jury and they found in favor of the plaintiff. We do not see how they could have found otherwise. The case of Reiff v. McMiller, 45 Legal Int. 26, cited by appellant, has no application. It does not raise the question at issue here.

Judgment affirmed.