# First National Bank of Tamaqua *v.* Tamaqua Manufacturing Company, Appellant.

*Promissory notes—Protest—Mailing notice—Waiver—Evidence.*

In an action against an endorser of a promissory note where it appeared that the note was duly protested for nonpayment and the notary certified that defendant had been notified thereof but that he later wrote to plaintiff a letter indicating that he had not notified defendant, and subsequently plaintiff wrote to defendant asking payment of the note and received a reply acknowledging the receipt of their letter relative to the note and advising that it was arranging to adjust the same, the court did not err in submitting to the jury (1) whether defendant had notice of protest, and (2) whether in the absence of notice it had by its subsequent conduct waived the notice of dishonor.

Argued Dec. 3, 1918. Appeal, No. 60, October Term, 1918, by defendant, from judgment of C. P. Schuylkill County, November Term, 1915, No. 208, and verdict for plaintiff in case of First National Bank of Tamaqua v. Tamaqua Manufacturing Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit against endorser of promissory note. Before KOCH, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $342.58. Defendant appealed.

*Errors assigned* were various answers to points and for refusing to enter judgment n. o. v.

*George M. Rhoads,* and with him *Robert J. Graeff,* for appellant.—The effect of the letter of the notary public, dated January 2, 1914, was an annulment of the state-

ment that notice had been sent to the endorser. The construction of a written instrument should not be submitted to a jury: Bryant v. Hagerty, 87 Pa. 256; Keefer v. School District, 203 Pa. 334; Barley v. Beegle, 29 Pa. Superior Ct. 635; Corcoran v. Ins. Co., 179 Pa. 132.

There was no waiver of notice: Crawford's Annotated Negotiable Instrument Law, Sec. 109, p. 99; Lockwood v. Crawford, 18 Conn. 374; Carter v. Burley, 9 N. H. 558; Vance v. Depass, 2 La. An. 16; Lecann v. Kirkman, 6 C. B. (N. S.) 929; Obendorf v. Swartz, 5 Cal. 480; Creamer v. Perry, 17 Pick. 332; Baer v. Lepport, 12 Hun 516.

*John B. McGurl,* and with him *James B. Reilly,* for appellee.—The action of the defendant constituted a waiver: Loose v. Loose, 36 Pa. 538; Uhler v. Bank, 64 Pa. 406; Moyer's App., 87 Pa. 129; Bank v. Kettering, 106 Pa. 531; Oxnard v. Vernum, 111 Pa. 193; Bank v. Siple, 145 Pa. 49; Bank v. Nill, 213 Pa. 436.

OPINION BY WILLIAMS, J., January 3, 1919:

Plaintiff declared against defendant as endorser on a promissory note. The note was duly protested for non-payment and the notary certified that defendant had been notified thereof. It appeared, however, that he later wrote to plaintiff a letter indicating he had not notified defendant. Subsequently plaintiff wrote to defendant asking payment of the note, and received the following reply: "We acknowledge receipt of your favor of the 15th inst., relative to note of Lorberry Coal Company, and in reply have to advise that we wrote these people some time ago in reference to this note but have not received satisfactory reply. We have again written them to-day, and if we do not hear from them within a few days we will arrange to adjust the matter with your bank." There was evidence that the parties, thereafter, entered into an agreement relating to suing the prior endorsers on the note.

The court submitted to the jury, inter alia, the questions (1) whether defendant had notice of protest, and (2) whether, in the absence of notice, it had, by its subsequent conduct, waived the notice of dishonor. The jury found for plaintiff, judgment was entered, and defendant appealed.

Appellant complains of the action of the court in submitting the two questions to the jury.

(1) The certificate of the notary was prima facie evidence of notice to defendant, and anything contradicting it, in writing or otherwise, would raise a question of fact for the jury.

(2) The meaning of defendant's letter, set forth above, was open to dispute; its interpretation was sought to be influenced by evidence of other transactions, and its effect was to be determined by the jury. If defendant had waived the notice its liability was clear: see Act of May 16, 1901, P. L. 194, Sec. 109.

The assignments of error are overruled. The judgment is affirmed.