# Helfrich *v.* Snyder et al., Appellants.

*Promissory notes—Affidavit of defense—Averments of statement not denied—Practice, C. P.—Act of May 14, 1915, P. L. 483.*

1. In an action on a promissory note, all of the averments of the statement not specifically denied in the affidavit of defense must be taken as admitted, under the Act of May 14, 1915, P. L. 483.

*Promissory notes—Demand—Waiver—Act of May 16, 1901, P. L. 204.*

2. A demand for payment of a promissory note on the day the note fell due, is not necessary to hold an endorser, where such demand would have been an idle and useless ceremony, and if enforced would have defeated the very purpose the parties sought to accomplish in delivering the obligation.

3. Such a demand is not necessary where the note by its tenor became due the day following its date, and it appears that at such time all of the persons who were to endorse it had not done so, that the purpose of the note was to take the place of other obligations, and that the note itself provided for semiannual payments of interest.

Argued January 31, 1921. Appeal, No. 65, Jan. T., 1921, by defendants, from order of C. P. Lehigh Co., April T., 1918, No. 110, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Reuben Helfrich v. L. A. Snyder et al. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

528    HELFRICH *v.* SNYDER et al., Appellants.

Statement of Facts—Opinion of the Court.    [269 Pa.

Assumpsit on promissory note. Before GROMAN, P. J.
See 8 Lehigh Co. L. J. 408.

The opinion of the Supreme Court states the facts.

The court made a rule for judgment for want of a sufficient affidavit of defense absolute. Defendant appealed.

*Error assigned* was above order, quoting it.

*Fred B. Gernerd,* of *Gernerd & Boyle,* for appellants.

*Reuben J. Butz,* of *Butz & Rupp,* with him *Morris Hoats,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 28, 1921:

Defendants, as endorsers on a note, were sued by the payee and appealed from a judgment entered against them for want of a sufficient affidavit of defense.

The statement of claim sets out a copy of the note made by the Eureka Slate Manufacturing Company, Ltd., to the order of plaintiff, dated April 11, 1912, for $5,500, payable one day after date, "with interest at the rate of six per cent per annum payable semiannually," and endorsed by the six defendants. The statement avers the note was not in fact delivered until a week after it became due, and in the meantime defendants endorsements were being procured; that the Eureka Slate Manufacturing Company was a limited partnership association, of which defendants were members, and was indebted to plaintiff in the sum of $5,500 on unendorsed notes of the association, payment of which was demanded unless "better and more satisfactory security" was given; that the note in question was prepared pursuant to agreement that it would be acceptable to plaintiff if endorsed by defendants; that such endorsements were procured and the note delivered in lieu of the unendorsed notes bearing earlier date held by plaintiff. It is further

averred that the company paid interest on the obligation regularly for a period of five years.

These averments are not specifically denied in the affidavit of defense and, consequently, under the provisions of sections 6 and 8 of the Practice Act of 1915 must be taken as admitted. The sole defense set up is that notice of nonpayment at maturity was not given and for that reason defendants were relieved from liability.

Section 71 of the Negotiable Instruments Act of 1901 requires presentment of other than a demand note to be made on the day it falls due, and section 66 provides that an endorser of a note "engages that on due presentment it shall be......paid,......according to its tenor, and that, if it be dishonored and the necessary proceedings of dishonor be duly taken, he will pay the amount thereof to the holder," etc. These statutory provisions, however, may be waived by the persons to be charged, either expressly or by necessary implication to be drawn from the circumstances of the transaction, and such waiver must necessarily be implied where, as here, a demand for payment on the day the note fell due would have been an idle or useless ceremony and if enforced have defeated the very purpose the parties sought to accomplish in delivering the obligation. The note in suit became due the day following its date. At that time all persons required under the agreement to become endorsers had not affixed their signatures to the note. This fact alone clearly indicates that demand for payment at maturity was not contemplated by the parties. Further than this, the purpose of the note was to take the place of other obligations of the association and, according to the understanding between the parties, as well as the note itself, which provided for semiannual payments of interest, clearly contemplated the indebtedness represented by the obligation should be carried for an indefinite period. Under these circumstances no other conclusion can be reached than that demand and protest

were waived by the parties: Annville Nat. Bank v. Kettering, 106 Pa. 531; Marquardt's Est., 251 Pa. 73.

The judgment is affirmed.