## First National Bank of Granville v. Delone, Appellant.

Argued May 22, 1933. Before FRAZER, C. J., KEPHART, SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*V. K. Keesey,* of *Schmidt, Keesey, Stair & Kurtz,* for appellant.

*McClean Stock,* with him *Neff & May* and *Carl R. May,* for appellee.

OPINION BY MR. JUSTICE LINN, June 30, 1933:

Defendant appeals from judgment on a verdict for the balance due on two promissory notes made by Royal Manufacturing Company to the order of G. S. Garman, endorsed by Garman and the defendant.

The statement of claim averred that defendant had waived presentment and notice of dishonor orally on four specified dates, some before and some after maturity. Defendant denied the alleged waiver and averred want of presentment and notice. Plaintiff offered evidence to support its averment of waiver; in part, defendant's evidence contradicted it, and, in part, supported it. Such evidence was necessarily for the jury (Sieger v. Second Nat. Bank, 132 Pa. 307, 19 A. 217; First Nat. Bank of Tamaqua v. Tamaqua Mfg. Co., 71 Pa. Superior Ct. 39) and, as counsel for appellant states in his brief that the evidence of the witness Hancock was "sufficient to take the case to the jury on the ques-

tion of waiver," we shall not detail the evidence on the subject.

Section 82 of the Negotiable Instruments Law (1901, P. L. 194, 56 P. S., section 193), also in force in North Carolina where the transaction took place, provides that "presentment for payment is dispensed with......by waiver of presentment, express or implied." See Helfrich v. Snyder, 269 Pa. 527, 112 A. 749. Section 109 provides that "notice of dishonor may be waived either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be expressed or implied." See Jones v. Roberts, 191 Pa. 152, 43 A. 123; Burgettstown Nat. Bank v. Nill, 213 Pa. 456, 63 A. 186.

The first assignment of error is to the refusal to strike out about a page of the evidence of a witness, Yancey, relevant on the question of waiver. The evidence was received without objection; the answers were responsive to the questions asked; the reason given in support of the motion was that "it does not constitute waiver on the part of defendant or any evidence or notice of dishonor." It was not offered as conclusive but to be considered with the other evidence in the case; it would have been error to grant defendant's motion. The second, third and fourth assignments complain of instructions to the jury. The precise complaint is thus stated in the brief: "The fact that sufficient competent testimony was admitted on the trial to sustain the verdict does not render harmless the admission and submission of incompetent testimony......" As we think the evidence was relevant, these three assignments present no question requiring discussion. Taken with their context and considered in the light of the evidence and the issues on trial, we can find no error of which defendant can justly complain.

Judgment affirmed.