West Virginia Coal Company, Appellant, *v* Gano.

Argued October 5, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Joseph M. F. Ryan,* and with him *Levi & Mandel,* for appellant.

*C. W. Van Artsdalen,* for appellee.

OPINION BY CUNNINGHAM, J., February 1, 1934:

This appeal is by the plaintiff below from a judgment in favor of the defendant upon his statutory demurrer to an amended statement of claim in an action against him as indorser of a promissory note, made and delivered by Gano Moore Coal Mining Company, Inc., to the plaintiff company, and reading:

"#1640.09                    Philadelphia,
                             Sept. 19, 1929

Sixty days after date,        we promise to pay to the order of West Virginia Coal Co.

The sum of $1,640 and 09/cts. Dollars Payable at Bank of Commerce & Trusts, Richmond, Va., without defalcation.  Value received.

No.          Due 11/18/29.

                    Gano Moore Coal Mining Co., Inc.
                         By: C. R. Dimm,
                              Vice-President."

The question here involved is whether plaintiff stated a good cause of action. The material averments (in addition to those relative to the making and delivery of the note) may be thus summarized.

The defendant indorsed the note on September 29, 1929. On Monday, November 18, 1929, the due date, "it was duly presented, but payment was refused." Notice that the note had been dishonored by non-payment was given by appellant by writing, and mailing from Richmond, Virginia, on November 20, 1929, to defendant, then residing at Philadelphia, Pa., a letter from its president, containing, inter alia, the following: "I have been out of town for several days. On my return find memorandum from our treasurer to the effect that your two notes were due on November 18th. ...... Can you not help us out on this? Surely a man of your resourcefulness can pay, after this long wait, at least half of each bill. Won't you try to do this for us, sending us new note for the difference?"

Defendant replied, under date of December 4, 1929, in the manner hereinafter stated.

The questions of law raised by the affidavit of defense in lieu of demurrer were: (a) The statement failed to set forth any facts showing the note was duly presented for payment; and (b) The statement failed to set forth any facts showing that defendant "was properly notified of the presentment and dishonor of the said note and, in fact, affirmatively showed that the alleged notice given to the defendant was not a proper notice."

Appellant's contention in reply was that defendant's letter of December 4, 1929, amounted to a promise that he would pay the note and therefore operated as a waiver of notice of dishonor.

It is apparent from the correspondence, copies of which were attached to the statement, that it refers to two notes held by appellant—the one in suit and another made by defendant individually. The conten-

tion in appellant's printed brief that defendant was an accommodation party and therefore not entitled, under section 115 of the Negotiable Instruments Act, infra, 56 PS §238, to notice of dishonor was properly abandoned at the oral argument. Nor is there anything in the statement, or exhibits, showing what connection, if any, defendant had with the maker of the note.

As a general proposition, defendant, under the Negotiable Instruments Act of May 16, 1901, P. L. 194, 56 PS §211, was discharged unless he was given notice, in accordance with its other provisions, that the note which he had indorsed had been dishonored by non-payment. Assuming, but not deciding, that the letter from appellant's president sufficiently identified the instrument sued upon, the question remains whether the notice, as pleaded, was in time, and, if not, whether appellant pleaded any facts which, if established, would amount to a waiver.

Upon this branch of the case, we adopt these excerpts from the opinion of LAMBERTON, J., for the court below.

"The Negotiable Instruments Act likewise provides in section 104 [56 PS §226] that where the person giving and the person to receive notice, as in this case, reside in different places, the notice of dishonor 'must be deposited in the post-office in time to go by mail the day following the day of dishonor.' If the note was duly presented in this case, the day of dishonor was November 18, 1929. Notice should, therefore, have been mailed on November 19th. The statement of claim itself shows that the notice was not mailed until November 20th. This was too late.

"Counsel for plaintiff admits in his brief that the notice was mailed too late, but avers that defendant cannot now take advantage of this point, because he has waived the defect by promising in his letter of December 4th that he would pay the note. This con-

tention would be sound if the letter of defendant contained such a promise. The only part of the letter having any application to the point at issue is as follows: 'I am making a desperate effort to pay the note which I owe your company and also endeavoring to arrange funds for the Gano, Moore Coal Company to pay their note. I suggest that these two notes remain as they are, but if you want me to send you renewals, let me know and I will get hold of Mr. Dimm and send them. In the meantime, you may rest assured that I am doing everything possible to arrange the necessary funds.'

"This is certainly an agreement on the part of defendant to pay his own note, which he was already liable to pay. He also says that he will endeavor to have the Gano, Moore Coal Company pay its note. This cannot be construed to be a promise on the part of defendant that he would personally pay the Gano, Moore Coal Company note."

It is provided in Section 109, 56 PS §232, that "Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied." The most recent reference to this section will be found in First National Bank of Granville v. Delone, 312 Pa. 391, 167 A. 286, a case in which the evidence was conflicting and, therefore, for the jury.

The only thing pleaded by appellant as constituting a waiver is the letter of December 4th; it contends it is such a promise to pay as has been held in a number of authorities, some of which are cited and relied upon in its brief, to amount to a waiver of notice of dishonor.

In our opinion, the letter falls far short of bringing this case within any of our appellate decisions. As appellant availed itself of the opportunity to amend its statement, we may assume it has stated the facts as fully and favorably as possible.

The decision of the questions of law, raised by the statutory demurrer, in favor of ' the defendant disposed of the essence of appellant's claim, and the entering of a final judgment for defendant was therefore proper.

Judgment affirmed.