## Trafalgar Square, Ltd. v. Green

*Glenn C. Vaughn,* for plaintiff.
*William H. Neff, Jr.,* for defendant.

SHADLE, J., March 3, 1972—In this action in assumpsit on a promissory note, defendant has filed preliminary objections to plaintiff's complaint.

The note was executed by Crael, Inc., Robert Green, President, and was endorsed by Green, individually. It was payable to plaintiff 60 days after its date, which was May 12, 1970. Plaintiff's complaint alleges that on July 11, 1970, plaintiff requested payment of the note from "Robert Green, president of Crael, Inc., and Defendant herein," who thereupon advised plaintiff that "Crael, Inc., was unable at the time to pay the note, but requested an extension and forebearance and promised periodic payments." The complaint further alleges that on November 20, 1970, the note was presented to "Robert Green, president of Crael, Inc., for payment," and that "Again Robert Green stated that

Crael, Inc., could not make payment of the note." The complaint concludes that "Robert Green was thereupon advised that because of the failure of Crael, Inc., to honor its obligation to pay the note he was personally liable in his capacity as indorser and payment from him was demanded," with which he failed to comply.

Preliminary objections were filed in the nature of a motion for a more specific complaint, a motion to strike and a demurrer. All grounds were abandoned, except three which are indentically asserted in the motion for a more specific complaint and the demurrer. They are that the complaint is fatally defective in failing to allege that (1) defendant consented and agreed to the extension and forebearance; (2) notice of dishonor by the corporate maker was given to defendant as the individual endorser, and (3) presentment for payment was made to defendant as such individual endorser.

On the first point, defendant cites section 3-606 of the Uniform Commercial Code of October 2, 1959, P. L. 1023, 12A PS §3-606, to the effect that "The holder discharges any party to the instrument to the extent that without such party's consent the holder . . . agrees to suspend the right to enforce . . . the instrument," against any person as to whom the unconsenting party has a right of recourse. On the second and third points, defendant refers to section 3-501 of the code, 12A PS §3-501, which requires both notice of dishonor by the maker and presentment for payment to the endorser before the latter may be charged.

It will be noted initially that it is not crystal-clear from the complaint as to the capacity in which Robert Green acted in the communications. Presentment was made to, and payment was requested of, "Robert

Green, president of Crael, Inc., and Defendant herein," and Robert Green stated that "Crael, Inc., could not make payment of the note" on both occasions, but he "requested an extension and forebearance and promised periodic payments." Clearly, presentment for payment was, in effect, made to defendant as an individual when he was advised that "he was personally liable in his capacity as indorser and payment from him was demanded."

In our opinion, the present situation is covered by section 3-501, supra, and section 3-511, 12A PS §3-511. of the code. The former section provides that notice of dishonor and presentment for payment are necessary to charge an endorser "Unless excused (section 3-511) . . . ." The latter section declares that "(2). Presentment or notice or protest as the case may be is entirely excused when (a) the party to be charged has waived it expressly or by implication . . . or (b) such party has himself dishonored the instrument . . . or otherwise has no reason to expect . . .that the instrument [will] be . . . paid . . . (and) (3) Presentment is also entirely excused when . . .(b) . . . payment is refused but not for want of proper presentment."

We simply decline to engage in the type of legerdemain and legal ballet dancing which acceptance of defendant's arguments would require. We here deal with a single corporate officer who acted both on behalf of the corporation as maker and individually on his own behalf as endorser. It is nonsense to conclude that the dishonor which he made on behalf of the corporation was not known to him individually as endorser, or that the request for extension and forebearance which he made as a corporate officer was not known or consented to by him individually. In the language of section 3-511, supra, defendant

waived a second and formal (and useless) presentment and notice and protest to himself individually as endorser.

McDonald v. Luckenbach, 170 F. 434 (1909), cited by defendant, is not in point. While that case does contain dicta to the effect that notice of default and protest given to a corporate maker does not constitute such to a corporate officer who is an individual endorser, the point actually decided was that there had not *in fact* been any notice of protest given *at all.*

Neither is Diamond National Bank of Pittsburgh v. Peck, 13 D. & C. 632 (1930) (Phila.), in point for the proposition cited by defendant. That case held that a corporate officer who executed a composition agreement on behalf of his corporation which was a maker on the note did *not thereby* consent individually as endorser on the note to the discharge of the corporate maker. It did not hold that an individual endorser *cannot in fact* consent to the discharge of the corporate maker.

The result we reach is consistent with Meadville Park Theatre Corporation v. McGillick, 330 Pa. 329 (1938). There, in a suit against an officer who had executed a note on behalf of the corporation and endorsed it individually, the defense being absence of presentment to, and notice of dishonor by, the corporate maker, it was held that such presentment and notice may be waived by the endorser, and that whether he has done so is a question of fact for the jury. The court observed that the officer "was in a position to know the inability of the maker to pay and the futility of presentment . . . ."

We do not question that there may be cases in which the formalistic requirements of presentment, protest and notice to a corporate maker will not constitute such as to an officer who is an individual indorser.

Neither do we hold that the performance of such formalities as to a person who is both a corporate officer and individual endorser always binds him and his corporation in both capacities. We hold merely that the facts alleged in this complaint are sufficient to entitle plaintiff to prove, if it can, that defendant individually consented and agreed to the extension and forebearance granted by plaintiff to the corporate maker, and that notice of dishonor by the maker and presentment for payment to defendant either were given to him or were waived by him.

### ORDER

And now, March 3, 1972, defendant's preliminary objections to plaintiff's complaint are overruled, with leave to file an answer thereto on the merits within 20 days from this date.